[THE STATE, EX·REL.] WENTZ, APPELLANT, *v.* CORRELL ET AL., JUDGES, APPELLEES.[1]

(No. 74-752—Decided February 12, 1975.)

---
[1]See R. C. 2731.04 and *Maloney* v. *Court of Common Pleas* (1962), 173 Ohio St. 2d 226.

Mr. *Don E. Caplea*, for appellant.

Mr. *Harry K. Klide*, city solicitor, and Mr. *Ronald E. Stocker*, for appellees.

*Per Curiam.* Following the filing of his appeal in this court, appellant sought a stay of proceedings pending disposition of the appeal. A stay was denied, and, on October 4, 1974, appellant was tried by a jury and found guilty.

In *State, ex rel. Woodbury,* v. *Spitler* (1974), 40 Ohio St. 2d 1, a case in which mandamus was sought in the Court of Appeals to compel relators' discharge on the ground that they were denied a speedy trial under R. C. 2945.71 *et seq.*, this court held that relators had "an adequate remedy by way of appeal from the final judgments of the trial court," and affirmed the Court of Appeals' dismissal of the complaint.⁴ See *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141.

---

⁴The dismissal of the complaint by the Court of Appeals was for the reason that the "proceedings [appeals and actions seeking writs of prohibition and mandamus] instituted by the appellants were acts instituting delay within the meaning of R. C. 2945.71 *et seq.*" See fn. 3.

This court *sua sponte* raised the issue of whether mandamus was the proper remedy in *Woodbury*.

Here, appellant has an adequate remedy available by way of appeal from his conviction.

Accordingly, on authority of *State, ex rel. Woodbury,* v. *Spitler, supra,* the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.