THE STATE, EX REL. BAKER, APPELLANT, *v.* HAIR, JUDGE, ET AL., APPELLEES.

142

(No. C-850494—Decided May 28, 1986.)

*Kimpel, Hyland, Weinkam & Goodson* and *Brett Goodson,* for appellant.

*Arthur M. Ney, Jr.,* prosecuting attorney, and *Leonard Kirschner,* for appellees.

BLACK, J.  Although the issues raised by appellant under his single assignment of error challenge the denial of his petition for a writ of mandamus as being contrary to law, the dispositive issue in this case is whether the court of common pleas has the authority under R.C. 2731.01 to issue a writ of mandamus to the Hamilton County Municipal Court. We hold that it does not, for the reason that the municipal court is not an "inferior tribunal" to the court of common pleas, and therefore we affirm the denial of the petition.

On April 26, 1984, appellant Baker appeared before a referee of the Hamilton County Municipal Court for arraignment on charges related to his arrest for driving under the influence and to delinquent parking tickets issued to him. He had been locked up since his arrest and had not consulted with an attorney prior to arraignment. At the arraignment, a public defender appeared on Baker's behalf, informed the referee that Baker was "over income" for representation by the public defender's office and requested a two-week continuance, with Baker to be released on his own recognizance during that interval. The referee granted these requests with the following instructions: "Continue till May the 9th. Be back in this Courtroom at 1:00 o'clock with an attorney at that time."

On May 9, Baker returned for arraignment before another referee. He intended to plead no contest and had not felt it necessary to retain an attorney, but upon observing the "harsh penalties" being imposed in cases similar to his own, he came to the conclusion that he did need legal representation after all. Therefore, when he was asked for his plea, he requested a further continuance on the charges stemming from his arrest. The following colloquy ensued:

"THE COURT: They're all on the continued docket. Why should I grant you a continuance?"

"MR. BAKER: I didn't ask for a continuance before, sir.

"THE PROSECUTOR: This is the second time you've been here.

"MR. BAKER: Well, the first —

"THE PROSECUTOR: The last time you were you asked for a continuance.

"VOICE: Were you locked up the first time?

"MR. BAKER: No, I didn't.

"THE PROSECUTOR: You were locked up?

"MR. BAKER: I was locked up.

"THE COURT: You asked for a continuance. That was back on April 26th. That's two weeks. We gave you a two-week continuance to see an attorney. We suspended your license. So I'll ask you again, why should I give you a continuance?

"MR. BAKER: I haven't — I haven't talked to an attorney and — my license —

"THE COURT: Well, you can talk to

an attorney now. I'm entering not guilty on all eight charges, referring all eight charges to the Assignment Commissioner for trial setting. You tell them that you need time to talk to an attorney and they'll set it down for a trial anywhere from four to five weeks. Not guilty, all eight. License will remain under suspension." ·

The case was assigned to the Honorable Deidra L. Hair, judge of the municipal court. Appellant moved to have the case transferred back to the referee's court for arraignment, on the grounds that the referee's entry of the not guilty plea denied him effective assistance of counsel and violated his due process rights.[1] The motion was denied, and appellant filed a petition for a writ of mandamus in the court of common pleas, requesting that the court direct the judge, the referee, the court administrator and the assignment commissioner of the municipal court to transfer the case back for arraignment. The court of common pleas denied the petition, and appellant appealed the denial.

"Mandamus" is defined in R.C. 2731.01 as "a writ, issued in the name of the state to an *inferior tribunal,* a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." (Emphasis added.) Although the court of common pleas is authorized under R.C. 2731.02 to issue writs of mandamus, it may only issue such a writ to another tribunal if that tribunal is "inferior" to the issuing court. *State, ex rel. Wanamaker,* v. *Miller* (1955), 164 Ohio St. 174, 57 O.O. 151, 128 N.E. 2d 108, motion for leave to file petition for writ of mandamus denied *sub nom. Wanamaker* v. *Supreme Court of Ohio* (1955), 350 U.S. 881. No statutory definition of the term "inferior" is supplied.

At least two approaches may be taken to the proper application of the term. One possible view is that an "inferior" tribunal is one which has a "lesser" jurisdiction in the sense that it may hear only those criminal cases involving "lesser" offenses, see, *e.g.,* R.C. 2931.03[2] and 1901.20,[3] or those civil cases involving "lesser" jurisdictional amounts. See R.C. 1901.17.[4] In this sense, the Hamilton County Municipal Court would indeed be considered "inferior" to the court of common pleas.

However, the better view, and hence the view we adopt, is that the term "inferior tribunal" in the mandamus

---

[1] Appellate counsel. explained in oral argument on appeal that in his opinion, appellant was prejudiced by this procedure, because despite the fact that a not guilty plea had been entered on his behalf to the court, appellant was denied the chance to "judge shop"; that is, to enter a plea of no contest or guilty before a municipal court referee or judge who did not impose the "harsh penalties" that he observed on his second appearance.

[2] R.C. 2931.03 provides:

"The court of common pleas has original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas."

[3] R.C. 1901.20 provides in part:

"(A) The municipal court has jurisdiction of the violation of any ordinance of any municipal corporation within its territory, unless the violation is required to be handled by a parking violations bureau or joint parking violations bureau pursuant to Chapter 4521. of the Revised Code, and of the violation of any misdemeanor committed within the limits of its territory. * * *"

[4] R.C. 1901.17 provides in part:

"A municipal court shall have original jurisdiction only in those cases where the amount claimed by any party, or the appraised value of the personal property sought to be recovered, does not exceed ten thousand dollars."

statute refers to any court that is subordinate in rank to the issuing court in the sense that its proceedings are reviewable by the higher court. Under Section 4(B), Article IV, Ohio Constitution, as amended effective May 7, 1968 (the "Modern Courts Amendment"), the court of common pleas has no jurisdiction to hear appeals from the municipal court. *Freeman* v. *Marshall* (July 19, 1985), Ross App. No. 1156, unreported; *State* v. *Foster* (C.P. 1969), 20 Ohio Misc. 257, 49 O.O. 2d 460, 251 N.E. 2d 5; *Stone* v. *Goolsby* (C.P. 1969), 18 Ohio Misc. 105, 47 O.O. 2d 206, 245 N.E. 2d 742. Consequently, although the municipal court's jurisdiction may be lesser than that of the court of common pleas in terms of monetary limitations or the seriousness of the offenses upon which it may pass, it is not subordinate in rank to the court of common pleas, and thus it is not an "inferior tribunal" with respect to that court. Therefore, we hold that, under R.C. 2731.01, the Hamilton County Court of Common Pleas may not issue a writ of mandamus to the Hamilton County Municipal Court. Accordingly, the court below properly denied the relator's petition for a writ of mandamus.

Furthermore, we note our concurrence with the lower court's conclusion that mandamus will not lie in this case because appellant has an adequate remedy at law. R.C. 2731.05 provides: "The writ of mandamus must not be issued when there is plain and adequate remedy in the ordinary course of the law." Before filing his petition for mandamus, appellant filed a motion in the municipal court to have his case transferred back to the referee for arraignment in compliance with his rights to effective assistance of counsel and due process of law. This motion was denied, but by raising the issues presented by the motion, appellant has preserved them for appeal, should the record, upon entry of judgment, reflect prejudicial error. Thus, the legal remedy of appeal, although not yet ripe at this juncture, remains available to appellant, barring him from seeking premature relief by way of mandamus. See *State, ex rel. Dix,* v. *Angelotta* (1985), 18 Ohio St. 3d 115, 18 OBR 146, 480 N.E. 2d 407 (holding mandamus will not lie where relator claims he was denied speedy trial, because he has adequate remedy at law by way of appeal); *State, ex rel. Wentz,* v. *Correll* (1975), 41 Ohio St. 2d 101, 70 O.O. 2d 196, 322 N.E. 2d 889 (same). Therefore, even if the court of common pleas had had the authority to issue a writ of mandamus to the municipal court, its denial of the writ would have been proper on the grounds that the relator had an adequate remedy at law.

For the foregoing reasons, the judgment of the court of common pleas denying the petition for a writ of mandamus is affirmed.

*Judgment affirmed.*

DOAN, P.J., and SHANNON, J., concur.