The STATE ex rel. CODY

v.

OHIO SUPREME COURT BOARD OF COMMISSIONERS
ON GRIEVANCES AND DISCIPLINE et al.

[Cite as *State ex rel. Cody v. Ohio Supreme Court Bd. of Commrs. on Grievances & Discipline* (1997), 118 Ohio App.3d 528.]

Court of Appeals of Ohio,
Eleventh District, Portage County.

No. 96–P–0219.

Decided March 3, 1997.

*James Z. Cody, pro se.*

*Betty D. Montgomery,* Attorney General, and *Diane R. Richards,* Assistant Attorney General, for respondents.

---

*Per Curiam.*

On July 15, 1996, relator, James Z. Cody, filed what this court construes as a petition for writ of mandamus. Relator names the Ohio Supreme Court Board of Commissioners on Grievances and Discipline and the Ohio Supreme Court Disciplinary Counsel and Assistant Counsel as respondents. Relator asserts a number of allegations concerning the respondents' failure to adequately complete their responsibilities to investigate his complaints of lawyer misconduct and, accordingly, requests a peremptory writ of mandamus "compelling" them to "fulfill [their] mandates under Ohio law" as to his grievances.

This court issued an alternative writ ordering respondents to show cause and respond by August 15, 1996. On August 15, 1996, respondent, Board of Commissioners on Grievances and Discipline, filed a motion to dismiss both under Civ.R. 12(B)(1) and Civ.R. 12(B)(6).

Also, on August 15, 1996, respondent, Disciplinary Counsel and Assistant Counsel, filed a motion for summary judgment.

The petition for writ of mandamus should be dismissed as to both respondents pursuant to Civ.R. 12(B)(1) because of this court's lack of jurisdiction over the subject matter.

R.C. 2731.01 states:

"Mandamus is a writ, issued in the name of the state to an *inferior tribunal,* a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station." (Emphasis added.)

Each of the organizations against which petitioner seeks a writ of mandamus is a creation of the Supreme Court of Ohio through which the court exercises its

exclusive jurisdiction regarding discipline of attorneys and judges. As stated in *S. High Dev., Ltd. v. Weiner, Lippe & Cromley Co., L.P.A.* (1983), 4 Ohio St.3d 1, 4–5, 4 OBR 1, 4, 445 N.E.2d 1106, 1109, citing Section 5(B), Article IV of the Ohio Constitution:

"The Supreme Court * * * shall make rules governing the admission to the practice of law and discipline of persons so admitted."

As adjuncts of the Supreme Court of Ohio, these organizations carry out the work of a tribunal superior to this court. These organizations assist the Supreme Court of Ohio in performing its exclusive duties in this area. *Hecht v. Levin* (1993), 66 Ohio St.3d 458, 461, 613 N.E.2d 585, 587–588. As a tribunal inferior to the Supreme Court of Ohio, this court has no authority to direct that court, or an adjunct of that court, to perform an act which the law specifically enjoins as a duty by issuance of a writ pursuant to R.C. 2731.01. *State ex rel. Wanamaker v. Miller* (1955), 164 Ohio St. 174, 57 O.O. 151, 128 N.E.2d 108.

Specifically, "the term 'inferior tribunal' in the mandamus statute refers to any court that is subordinate in rank to the issuing court in the sense that its proceedings are reviewable by the higher court." *State ex rel. Baker v. Hair* (1986), 31 Ohio App.3d 141, 143–144, 31 OBR 230, 232, 509 N.E.2d 90, 92.

It is evident that the Supreme Court of Ohio is not a tribunal inferior to this court, since it may review any final decision of this court. Accordingly, this court lacks jurisdiction to grant the relief requested by relator, and respondents' motions, construed as motions to dismiss pursuant to Civ.R. 12(B)(1), are hereby granted and relator's petition is hereby dismissed.

*Petition dismissed.*

FORD, P.J., CHRISTLEY and NADER, JJ., concur.