DECISION AND JUDGMENT ENTRY
Keith Mefford appeals the denial of his writ of mandamus by the Adams County Court of Common Pleas. He assigns the following errors:
 ASSIGNMENT OF ERROR I THE TRIAL COURT ERRED AS A MATTER OF LAW/ABUSE OF DISCRETION BY DISMISSING THE WRIT OF MANDAMUS, WITHOUT HEARING, WHERE THE STATUTE SPECIFICALLY PROVIDES THAT THE COURT OF COMMON PLEAS HAS JURISDICTION TO DECIDE A WRIT OF MANDAMUS.
 ASSIGNMENT OF ERROR II A PERSON CHARGED WITH FIRST OFFENSE DOMESTIC VIOLENCE IS DENIED HIS CONSTITUTIONAL RIGHTS UNDER THE UNITED STATES AND OHIO CONSTITUTION WHEN HE IS DENIED THE RIGHT TO POST BAIL.
Finding no merit in either assignment of error, we affirm the judgment of the trial court.
In March 2000, the relator was arrested for a domestic violence offense and transported to the Adams County Jail. The day following his arrest, the relator was brought before the Adams County Court and released on his own recognizance with certain conditions imposed. In June 2000, the relator pled guilty to attempted assault and was sentenced.
Prior to his release, however, the relator filed a petition for writ of mandamus with the Adams County Common Pleas Court. In his petition, the relator asked the court to compel Judge Alan Foster of the Adams County Court to allow the relator and others similarly situated to post bail as prescribed by the standard misdemeanor bail schedule and as required by Crim.R. 46 and the Ohio Constitution. The relator asserted that Judge Foster had instructed the Adams County Sheriff not to allow persons charged with domestic violence to post bail until they were brought before the Adams County Court.
The Adams County Common Pleas Court denied the writ request on the ground that the Adams County Court was not an inferior court to it and, therefore, it had no authority to grant the writ. The relator filed a timely appeal from this entry.
In his first assignment of error, the relator asserts that the trial court erred in holding that it did not have authority to issue a writ of mandamus to the Adams County Court. We disagree.
R.C. 2731.01 defines "mandamus" as "a writ issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." (Emphasis added.) The courts of common pleas are authorized to issue writs of mandamus under R.C. 2731.02; however, a court of common pleas may only issue such a writ to another tribunal if the tribunal is "inferior" to the issuing court.State ex rel. Baker v. Hair (1986), 31 Ohio App.3d 141, 143, citing Stateex rel. Wanamaker v. Miller (1955), 164 Ohio St. 174, motion for leave to file petition for writ of mandamus denied sub nom. Wanamaker v. SupremeCourt of Ohio (1955), 350 U.S. 881.
In State ex rel. Baker v. Hair, supra, the First Appellate District discussed the various meanings of an "inferior" tribunal in light of the lack of a statutory definition. The court noted that an "inferior" tribunal could be defined as "one which has a `lesser' jurisdiction in the sense that it may hear only those criminal cases involving `lesser' offenses * * * or those civil cases involving `lesser' jurisdictional amounts." Id. at 143. Alternatively, the term "inferior tribunal" in the mandamus statute could refer "to any court that is subordinate in rank to the issuing court in the sense that its proceedings are reviewable by a higher court." Id. at 143-144. The court adopted the latter view and held that a municipal court was not "inferior" to a common pleas court and, therefore, the common pleas court could not issue a writ of mandamus to the municipal court. In State of Ohio ex rel. Cody v. Ohio Supreme CourtBd. of Commissioners on Grievance and Discipline (1997),118 Ohio App.3d 528, the Eleventh District Court of Appeals followed the same rationale in holding that it lacked jurisdiction to issue a writ of mandamus to the Ohio Supreme Court Board of Commissioners on Grievance and Discipline.
We agree with the rationale behind both these cases and adopt the standard that writs of mandamus may only be issued by the common pleas court to "inferior courts" whose proceedings are reviewable by the common pleas court. Under R.C. 1907.30, final judgments of a county court may be appealed to the court of appeals for the county where the judgment was rendered. Therefore, the judgments of the Adams County Court are appealable to this Court, not to the Adams County Court of Common Pleas, and the lower court lacked jurisdiction to issue the writ of mandamus requested by the relator.
The relator's argument that State ex rel. Baker v. Hair, supra, is inapplicable because it addressed the authority of a common pleas court to issue a writ of mandamus to a municipal court, not a county court, is without merit. The same test of reviewability is applied regardless of the type of court the case originated in.
Likewise, we do not find appellant's argument that because the common pleas court has a "position of power" over the county court under R.C.1907.15 it can issue writs of mandamus to the county court to be persuasive. Former R.C. 1907.15(A)(1), in effect until July 1, 1997, allowed the common pleas court to divide the county court district into areas of separate jurisdiction and designate the areas in which each judge would have his or her jurisdiction if the county had more than one county court judge. However, 1996 H 438, effective July 1, 1997, rewrote that section to allow the presiding judge of the county court to divide the county court district into areas of separate jurisdiction and designate the location at which each county court judge would hold court. Adams County has only one county court judge whose jurisdiction consists of the entire county court district and who, with the agreement of the board of county commissioners, designates the location where he holds court under R.C. 1907.15(A)(3). Therefore, contrary to the relator's argument, R.C. 1907.15 does not give the common pleas court a "position of power" over the county court.
In summary, we hold that, under R.C. 2731.01, the Adams County Common Pleas Court may not issue a writ of mandamus to the Adams County Court. Accordingly, the lower court properly denied the relator's petition for a writ of mandamus. The relator's first assignment of error is overruled.
In his second assignment of error, the relator argues that the Adams County Court policy allowing a person charged with domestic violence to obtain bail only after he or she is brought before the judge violates the rules of criminal procedure and the Ohio and United States Constitutions. We need not address the merits of this assignment of error because the trial court correctly determined that it was without jurisdiction to reach this question. The issue as to the constitutionality of the county court's policy was not properly before the trial court and, therefore, is not properly before us presently.
The relator's second assignment of error is overruled.
Having found no merit in either assigned error, we affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Abele, J.: Concur in Judgment and Opinion
 _______________________ William H. Harsha, Judge