DECISION AND JUDGMENT ENTRY
{¶ 1} Robert Lee Eisnaugle appeals the judgment of the Pickaway County Court of Common Pleas denying his petition for a writ of mandamus requesting that the court order itself to grant him judicial release. Eisnaugle contends that the trial court denied him the benefit of his original plea agreement, which he asserts did not preclude the possibility of judicial release. Because we conclude that the trial court lacked subject matter jurisdiction over Eisnaugle's petition for a writ of mandamus, we find that the court properly dismissed it. Accordingly, we dismiss this appeal.
 I. {¶ 2} On March 5, 2003, Eisnaugle pled guilty to burglary in violation of R.C. 2911.12, a felony of the second degree; and grand theft in violation of R.C. 2913.02, a felony of the fourth degree. In exchange for his plea, the state dismissed a charge of safe cracking in violation of R.C. 2911.31, a felony of the fourth degree. The trial court sentenced Eisnaugle to a prison term of three years for burglary, and twelve months for grand theft, to be served concurrently.
 {¶ 3} Eisnaugle's counsel filed a motion for judicial release on his behalf, which the trial court denied. Then, Eisnaugle filed a second motion for judicial release, pro se, which the trial court also denied.
 {¶ 4} Thereafter, Eisnaugle filed a petition for a writ of mandamus[1]
in the Pickaway County Common Pleas Court, requesting that the court grant him judicial release. The state opposed Eisnaugle's petition on the ground that he was not entitled to a writ of mandamus because: (1) he did not possess a clear legal right to the relief requested; and (2) the trial court did not have a clear legal duty to perform the act. Additionally, the state noted that Eisnaugle improperly filed his petition in the Pickaway County Court of Common Pleas, when he should have filed it in a superior court. Accordingly, the state argued that the trial court should dismiss Eisnaugle's petition.
 {¶ 5} On January 3, 2005, the trial court dismissed Eisnaugle's petition for a writ of mandamus. Eisnaugle timely appeals, raising the following assignment of error: "Pros[ecutor] and Trial Court is in error to deny such Judicial Release Based on a Discreminational (sic) Decision which is a Deprival (sic) of the U.S. Const[itution] of Equal Protection. Which include the 5th[,] 8th[, and] 14th Amendments of U.S. Const[itution] and O[hio] Const[itution] 1:2, 1:9, 1:1 and R.C. 2929.11(B) (sic)."
 II. {¶ 6} In his sole assignment of error, Eisnaugle contends that the trial court and the state have deprived him of the benefit of his original plea agreement. He argues that he is entitled to judicial release because the original plea agreement did not state "no judicial [release]."
 {¶ 7} Initially, we find that Eisnaugle's petition for a writ of mandamus is defective because it is improperly captioned. R.C. 2731.04
provides, in relevant part, that "[a]pplication for the writ of mandamusmust be by petition, in the name of the state on the relation of the person applying, and verified by affidavit." (Emphasis added.) Eisnaugle failed to caption his petition in the statutiorily prescribed manner. Instead, he captioned it as follows: "CASE TITLE: STATE OF OHIO V. ROBERT EISNAUGLE[;] CASE NO. 2003-CR-006[;] PETITIONER: ROBERT EISNAUGLE VS. RESPONDANT: PICKAWAY COUNTY[.]" Furthermore, Eisnaugle failed to verify his petition by affidavit as required by statute. The only affidavit attached to his petition was an affidavit of indigency. Eisnaugle's failure to properly caption his petition for a writ of mandamus warrants dismissal. Maloney v. Court of Common Pleas of Allen Cty. (1962),173 Ohio St. 226, citing Gannon v. Gallagher, Dir. (1945),145 Ohio St. 170.
 {¶ 8} Additionally, we note R.C. 2731.01 defines "mandamus" as: "a writ, issued in the name of the state to an inferior tribunal, * * * commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." (Emphasis added.) The Ohio Constitution vests concurrent original jurisdiction in mandamus upon the Supreme Court and courts of appeals. Sections 2(B)(1)(b) and 3(B)(1)(b), Article IV, Ohio Constitution. R.C. 2731.02 also confers concurrent original jurisdiction upon common pleas courts.
 {¶ 9} Although a court of common pleas has statutory authority to issue writs of mandamus, it may only issue such a writ to another tribunal, and then it may do so only if that tribunal is "inferior" to the issuing court. State ex rel. Baker v. Hair (1986),31 Ohio App.3d 141, 143, citing State, ex rel. Wanamaker, v. Miller
(1955), 164 Ohio St. 174, 57 O.O. 151, 128 N.E.2d 108, motion for leave to file petition for writ of mandamus denied sub nom. Wanamaker v.Supreme Court of Ohio (1955), 350 U.S. 881, 76 S.Ct. 142, 100 L.Ed. 777. In the mandamus statute, the term "inferior tribunal" refers to "any court that is subordinate in rank to the issuing court in the sense that its proceedings are reviewable by the higher court." State ex rel.Baker, supra, at 143-144.
 {¶ 10} Here, Eisnaugle filed his petition in the Pickaway County Court of Common Pleas, seeking a writ compelling that very court to grant him judicial release. It is axiomatic that a court cannot be inferior or subordinate to itself. Because we find that the Pickaway County Court of Common Pleas could not issue a writ of mandamus commanding itself to act, we find that the court lacked subject matter jurisdiction over Eisnaugle's petition. See, State Ex Rel. Cody v. Ohio Supreme Court Bd.Of Commrs. on Grievances and Discipline (Mar. 3, 1997), Portage App. No. 96-P-0219. Therefore, we conclude that the trial court properly dismissed Eisnaugle's petition. Accordingly, we overrule Eisnaugle's sole assignment of error and dismiss this appeal.
Appeal dismissed.
 JUDGMENT ENTRY
It is ordered that this APPEAL BE DISMISSED. Appellee shall recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. and McFarland, J.: Concur in Judgment and Opinion.
[1] Eisnaugle titled his pleading "Writ of Mandamus". However, we shall refer to it as a petition for a writ of mandamus.