[Cite as *State ex rel. Foster v. Luebbers*, 2023-Ohio-908.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, EX REL. BRIAN FOSTER, | : | APPEAL NO. C-220250 |
| | | TRIAL NO. A-2103882 |
| | : | |
| Relator-Appellant, | | |
| | : | |
| vs. | | *O P I N I O N.* |
| | : | |
| HON. JUDGE JODY LUEBBERS, | | |
| | : | |
| Respondent-Appellee. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed; Appeal Dismissed in Part

Date of Judgment Entry on Appeal: March 22, 2023

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Alex Scott Havlin*, Assistant Prosecuting Attorney, for Respondent-Appellee,

*Brian Foster*, pro se.

**Bock, Judge.**

{¶1}    Relator-appellant Brian Foster appeals the trial court's denial of his November 2021 application for a writ of mandamus, arguing that the trial court abused its discretion by denying his application for the writ and dismissing his case. We affirm the trial court's judgment.

## I.    Facts and Procedure

{¶2}    In March 2019, in the common pleas court cases numbered B-1901691(A)-(E), the state charged Foster with aggravated robbery, robbery, felonious assault with gun specifications, improperly handling a firearm in a motor vehicle, and carrying a concealed weapon.

{¶3}    Foster pleaded guilty to an amended count of attempted felonious assault with a gun specification and carrying a concealed weapon. The trial court sentenced Foster in December 2019 and ordered the firearm(s) to be forfeited to the arresting agency.

{¶4}    Foster appealed in the case numbered C-200150. This court sua sponte dismissed the appeal for Foster's failure to file an appellant's brief. No further notices of appeal were filed.

### Foster's postconviction motions.

{¶5}    After this court dismissed his appeal, Foster asked the trial court to vacate a void judgment for lack of subject-matter jurisdiction. When the state did not respond to his motion, Foster sought a default judgment. The trial court denied both motions in January 2022.

**{¶6}** In November 2021, Foster filed an application for a writ of mandamus in the trial court. Foster sought "an order to compel the respondent, Judge Jody M. Luebbers, to correct factual record based on [Foster's] motion to Vacate a Void Judgment for lack of subject matter jurisdiction." After the state filed a memorandum in opposition to Foster's complaint for a writ of mandamus, Foster moved to strike the memorandum in opposition "pursuant to Civil Rule 12(F)," asserting that the state failed to comply with Civ.R. 56(C) and Loc.R. 14(C)(8) of the Court of Common Pleas of Hamilton County.

**{¶7}** Because the writ requested a common pleas judge to compel action by another common pleas judge, the trial court determined that the writ was improper under R.C. 2731.03. It denied the writ and the motion to strike and dismissed the case. This appeal followed.

## II. Law and Analysis

A. The trial court did not err in denying the writ and dismissing the case.

**{¶8}** In his first assignment of error, Foster argues that the court abused its discretion by dismissing his writ of mandamus and denying his motion to strike.

**{¶9}** A writ of mandamus is not granted by right. Its issuance rests in the sound discretion of the court. *State ex rel. Mettler v. Stratton*, 139 Ohio St. 86, 38 N.E.2d 393 (1941), paragraph one of the syllabus. Thus, we review the denial of a writ of mandamus only for an abuse of that discretion. *See State ex rel. Paluch v. Zita*, 141 Ohio St.3d 123, 2014-Ohio-4529, 22 N.E.3d 1050, ¶ 9.

**{¶10}** The requisites for a writ of mandamus are: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. *State*

*ex rel. Newell v. Gaul*, 8th Dist. Cuyahoga No. 98326, 2012-Ohio-4068, ¶ 9. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion even if that discretion was grossly abused. *Id*. at ¶ 9. Furthermore, mandamus is not a substitute for appeal. *Id*.; *see State ex rel. Keenan v. Calabrese*, 69 Ohio St.3d 176, 631 N.E.2d 119 (1994); *State ex rel. Pressley v. Indus. Comm. of Ohio*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph three of the syllabus. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. *Gaul* at ¶ 9; *see State ex rel. Jerninghan v. Gaughan*, 8th Dist. Cuyahoga No. 67787, 1994 Ohio App. LEXIS 6227 (Sept. 26, 1994).

**{¶11}** The trial court lacked jurisdiction to issue the writ. Under R.C. 2731.01, a writ of mandamus may only be issued from a higher court to an inferior tribunal. "Inferior tribunal" means a court "subordinate in rank to the issuing court in the sense that its proceedings are reviewable by the higher court." *State ex rel. Baker v. Hair*, 31 Ohio App.3d 141, 143-144, 509 N.E.2d 90 (1st Dist.1986).

**{¶12}** But Foster's complaint originated in the Hamilton County Court of Common Pleas and asked for a writ to issue to the same court. Under the statute and this court's precedent, the trial court lacked jurisdiction to issue a writ to itself. Therefore, we overrule Foster's first assignment of error.

B. <u>We do not consider the trial court's denial of a motion in a case not on appeal</u>

**{¶13}** Foster's second assignment of error takes aim at the trial court's denial of a motion in a related, but separate, municipal court case. As the only matter on appeal is the trial court's dismissal of Foster's application for a writ of mandamus and denial of his motion to strike, we dismiss this portion of Foster's appeal.

4

C. The trial court properly dismissed the application for a writ of mandamus and motion to strike.

**{¶14}** Foster's third assignment of error argues that the trial court abused its discretion by denying Foster's writ and motion to strike the state's opposition to the application for the writ. As discussed above, the trial court properly dismissed the application for the writ. And it also properly denied Foster's motion to strike. The state was entitled to object to the writ. But even if the state should not have been permitted to object, the outcome would not have changed because the trial court had no jurisdiction to consider the writ. Thus, we overrule the third assignment of error.

## III.    Conclusion

**{¶15}** The trial court did not abuse its discretion by denying Foster's application for a writ of mandamus. The trial court's judgment is affirmed. Foster's first and third assignments of error are overruled. The portion of Foster's appeal relating to the second assignment of error is dismissed.

Judgment affirmed and appeal dismissed in part.

**CROUSE, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.