[Cite as *Jacobs v. Cuyahoga Cty. Court of Common Pleas*, 2025-Ohio-2076.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

SHERLYN JACOBS,                              :

    Relator,                              :
                             No. 114946

    v.                                    :

CUYAHOGA COUNTY COURT OF
COMMON PLEAS, ET AL.,                        :

    Respondents.                          :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DISMISSED
**DATED:** June 6, 2025

---

Writ of Prohibition
Motion Nos. 583642 and 584517
Order No. 585030

---

### *Appearances:*

Sherlyn Jacobs, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Nora E. Poore, Assistant Prosecuting Attorney, *for respondent*, Judge Ashley Kilbane.

Gallagher Sharp LLP, and Richard C.O. Rezie, and Joseph Monroe, II, *for respondent*, Calhoun Funeral Home, LLC.

MARY J. BOYLE, J.:

{¶ 1} On March 25, 2025, the relator Sherlyn Jacobs ("Jacobs") commenced this prohibition action against respondents Judge Ashley Kilbane and the Cuyahoga County Common Pleas Court. Jacobs seeks, inter alia, the following relief: (1) the reversal of the respondent judge's granting summary judgment to the defendant in the underlying case, *Sherlyn Jacobs, et al., v. Calhoun Funeral Home, LLC, et al.,* Cuyahoga C.P. No. CV-23-979882 — Jacobs alleges that this judgment was tainted by judicial bias, procedural irregularities, and violations of due process, including denial of the opportunity to present evidence, (2) the reversal of the judge's denial of the motion for recusal, (3) compel the respondent judge to recognize Jacobs as the representative of the estate of Marvin Jacobs, (4) impose sanctions against the defendant Calhoun Funeral Home ("Calhoun") for failing to comply with procedural requirements and presenting forged documents, and (5) remand the underlying case for a new trial or further proceedings.

{¶ 2} On April 8, 2025, Calhoun moved to intervene and file an answer and a motion to dismiss. On April 14, 2025, pursuant to Civ.R. 24, this court granted the motion to intervene and accepted the motion to dismiss for consideration. On April 15, 2025, the respondent judge moved to dismiss. Jacobs responded on April 17, 2025, by filing a motion to strike Calhoun's filings and a brief in opposition to the respondent judge's motion to dismiss. For the following reasons, this court grants the motions to dismiss and dismisses the application for a writ of prohibition.

**FACTUAL AND PROCCEDURAL BACKGROUND**

{¶ 3}   Crystal Jacobs was the adult daughter of Jacobs and died on May 12, 2022.  Jacobs contracted with Calhoun for funeral and cremation services.  Jacobs avers that she contracted explicitly to witness the cremation and provided Calhoun with a list of family and friends who also wanted to witness the cremation.  She further avers that Calhoun, through its agents, assured her that they would be notified of the cremation date and time.  However, the cremation occurred without any of the specified witnesses.

{¶ 4}   On May 23, 2023, Jacobs commenced the underlying case for breach of contract and negligence in not informing the family and friends of the date and time of the cremation.  The case was assigned to the respondent judge. The complaint listed seven other family friends as plaintiffs in addition to Jacobs.  However, when the plaintiffs' attorney withdrew, the respondent judge held a pretrial on the record to clarify that the eight plaintiffs must represent themselves or be represented by an attorney.  Only Jacobs and another plaintiff appeared at the pretrial; they had not retained a new attorney. The judge dismissed the plaintiffs who had not appeared.  Once the judge had clarified the situation, she went off the record to discuss discovery issues with the remaining parties.  Jacobs alleges that during this pretrial the respondent judge called her "stupid" as well as Jacob's doctors and counselors "stupid."   Jacobs continues that the respondent judge humiliated her for three hours.

{¶ 5} On January 17, 2025, Calhoun moved for summary judgment on all claims. A review of that motion reveals that Calhoun argued that the contract authorized the individuals to be present, but did not guarantee their presence. The contract further provided that "[t]he Crematory may perform the cremation of the Decedent's remains at a time and date as its work schedule permits and without further notification to the Authorizing Agent." It appears that Jacobs initialed this provision. The affidavit of the funeral director stated that he notified Jacobs on June 25, 2022, that the cremation would occur on June 28, 2022, but that Jacobs said she would not attend. The funeral director further stated in the affidavit that he spoke with Jacobs on June 28, 2022, and informed her that the cremation had occurred as scheduled. Jacobs filed a brief in opposition. The respondent judge granted Calhoun's motion for summary judgment on March 3, 2025.

{¶ 6} On March 24, 2025, Jacobs filed a writ of prohibition against the respondent judge in the Supreme Court of Ohio. *Sherlyn Jacobs v. Cuyahoga County Court of Common Pleas IN RE: Judge Ashley Kilbane*, Supreme Court Case No. 2025-0430. The Supreme Court's docket for this case shows that service was made on the respondent judge on March 28, 2025.

{¶ 7} Jacobs commenced the present prohibition action in this court on March 25, 2025. This court's docket shows that service was made on March 31, 2025. The two prohibition complaints are nearly identical. A comparison of the two writs indicates that the only differences in the nine-page complaints are that a

paragraph and a heading are missing in the Supreme Court writ. Both writs seek the same relief.

{¶ 8} On March 27, 2025, Jacobs appealed the decision in the underlying case to the Eighth District Court of Appeals. *Jacobs v. Calhoun Funeral Home,* 8th Dist. Cuyahoga No. 114956.

**LEGAL ANALYSIS**

{¶ 9} Subject-matter jurisdiction cannot be waived and is properly raised by a court sua sponte. *State ex rel. Dunlap v. Sarko,* 2013-Ohio-67, ¶ 13. Under the jurisdictional-priority rule, this court lacks jurisdiction to adjudicate this prohibition action. This rule provides that "'as between [state] courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all tribunals, to adjudicate upon the whole issue and to settle the rights of the parties.'" *State ex rel. Dannaher v. Crawford,* 78 Ohio St.3d 391, 393 (1997), quoting *State ex rel. Racing Guild of Ohio v. Morgan,* 17 Ohio St.3d 54, 56 (1985); and *State ex rel. Phillips v. Polcar,* 50 Ohio St.2d 279 (1977), syllabus. Furthermore, "it is a condition of the operation of the state jurisdictional priority rule that the claims or causes of action be the same in both cases, and '[i]f the second case is not for the same cause of action, nor between the same parties, the former suit will not prevent the latter.'" *Crawford* at 393, quoting *State ex rel. Sellers v. Gerken,* 72 Ohio St.3d 115, 117 (1995).

{¶ 10} The "institution of proper proceedings" is filing the lawsuit and obtaining service. In *Gehelo v. Gehelo,* 160 Ohio St.243 (1953), the husband filed

for divorce in Ashtabula County on October 30, 1951, but personal service was not made and service by publication was not completed until February 8, 1952. The wife filed for divorce in Cuyahoga County on January 18, 1952, and obtained service on the husband on January 23, 1952. On these facts the courts ruled that Cuyahoga County obtained jurisdiction of the divorce first, to the exclusion of Ashtabula County. *State ex rel. Consortium of Economic & Community Dev. for Hough Ward 7 v. McMonagle,* 2016-Ohio-4704 (8th Dist.).

{¶ 11} In present matter, the Supreme Court of Ohio and this court are courts of concurrent jurisdiction over the extraordinary writs, such as prohibition. Ohio Const., art. IV, § 2(B)(1)(b) and § 3(B)(1)(b); *State ex rel. Dunlap v. Sarko,* 2013-Ohio-67; and *State v. Eisnaugle,* 2005-Ohio-5221 (4th Dist.). The prohibition cause of action is the same in both cases, and the institution of proper proceedings happened first in the Supreme Court of Ohio. Accordingly, this court does not have jurisdiction to proceed.

{¶ 12} Assuming arguendo that the jurisdictional-priority rule does not apply, prohibition will not issue in the present case. The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. *State ex rel. Largent v. Fisher,* 43 Ohio St.3d 160 (1989). Furthermore, if a petitioner had an adequate remedy, relief in prohibition is precluded, even if the remedy was not used. *State ex rel. Lesher v. Kainrad,* 65 Ohio St.2d 68 (1981). Prohibition will not lie

unless it clearly appears that the court has no jurisdiction of the cause that it is attempting to adjudicate or the court is about to exceed its jurisdiction. *State ex rel. Ellis v. McCabe*, 138 Ohio St. 417 (1941), paragraph three of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." *State ex rel. Sparto v. Juvenile Court of Darke Cty.,* 153 Ohio St. 64, 65 (1950). Furthermore, it should be used with great caution and not issue in a doubtful case. *State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas*, 137 Ohio St. 273 (1940); and *Reiss v. Columbus Mun. Court*, 76 Ohio Law Abs. 141, 145 N.E.2d 447 (10th Dist. 1956). Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. *State ex rel. Tilford v. Crush*, 39 Ohio St.3d 174 (1988); and *State ex rel. Csank v. Jaffe*, 107 Ohio App.3d 387 (8th Dist. 1995). However, absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via an appeal from the court's holding that it has jurisdiction. *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78 Ohio St.3d 489 (1997). Moreover, this court has discretion in issuing the writ of prohibition. *State ex rel. Gilligan v. Hoddinott*, 36 Ohio St.2d 127 (1973).

{¶ 13} R.C. 2305.01 vests the common pleas court with jurisdiction over all civil cases, which include claims for breach of contract and negligence. Generally, prohibition will not issue if the court has basic statutory jurisdiction. *State ex rel. Adams v. Gusweiler*, 30 Ohio St.2d 326 (1972), and *State ex rel. Pruitt v. Donnelly,* 2011-Ohio-1252 (8th Dist.). Therefore, the respondent judge was not patently and unambiguously without jurisdiction, and prohibition will not lie.

{¶ 14} The gravamen of Jacobs's complaint is that the respondent judge showed judicial bias by humiliating her for three hours, calling her "stupid," denying her efforts to submit evidence, failing to compel discovery, failing to grant her motion for leave to file instanter, and granting summary judgment to Calhoun. However, "improper, biased, prejudiced, discourteous, undignified, impatient, and belligerent conduct does not relate to a patent and unambiguous lack of jurisdiction warranting a writ of prohibition." *Woodard v. Colaluca*, 2014-Ohio-3824, ¶ 9 (8th Dist.).

{¶ 15} *State ex rel. Pratt v. Weygandt,* 164 Ohio St. 463 (1956), and *State ex rel. Turner v. Marshall,* 123 Ohio St. 586 (1931), are not persuasive. They are peculiar mandamus actions brought in the Supreme Court of Ohio to review the Chief Justice's decision to disqualify a judge, which is now in the exclusive jurisdiction of the Chief Justice or a justice designated by the Chief Justice. R.C. 2701.03. These cases concern the proper criteria for disqualifying a judge, but are not decided on the principles of jurisdiction or the principles of prohibition. Accordingly, this court concludes that they are not determinative of the present

action. This court further notes that Jacobs pursued an affidavit of disqualification and, thus, exercised an adequate remedy at law, precluding prohibition. *In re Disqualification of Hon. Ashley Kilbane,* Supreme Court Case No. 25-AP-038.

{¶ 16} Moreover, prohibition is meant to be a preventive, rather than a corrective remedy. It does not generally apply retroactively to review an accomplished act. *State ex rel. Flannery v. Sidwell,* 24 Ohio St.2d 74 (1970); *State ex rel. Stafanick v. Mun. Court of Marietta,* 21 Ohio St.2d 102 (1970); and *Weber v. Whitfield,* 1977 Ohio App. LEXIS 8816 (9th Dist. Dec. 14, 1977).

{¶ 17} The proper remedy to review errors and irregularities in a case is appeal. Thus, Jacobs has and is pursuing her adequate remedy at law, which precludes a writ of prohibition.

{¶ 18} Accordingly, this court grants the motions to dismiss and dismisses this application for a writ of prohibition. All outstanding motions are denied as moot. Relator to pay costs. This court directs the clerk of courts to serve all parties notice of the judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶ 19} Writ dismissed.

_____
MARY J. BOYLE, JUDGE

LISA B. FORBES, P.J., and
MICHAEL JOHN RYAN, J., CONCUR