[Cite as *Jacobs v. Kilbane*, 2025-Ohio-2370.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

SHERLYN JACOBS, ET AL.,          :

    Relators,          :

    v.          :

CUYAHOGA COUNTY COURT OF          :
COMMON PLEAS JUDGE ASHLEY
KILBANE,          :

    Respondent.          :

No. 115188

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DENIED
**DATED:** July 1, 2025

---

Writ of Mandamus
Order No. 585515

---

## *Appearances:*

Sherlyn Jacobs, *pro se.*

Andre Allen, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Nora E. Poore, Assistant Prosecuting Attorney, *for respondent.*

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} On May 13, 2025, relators Sherlyn Jacobs and Andre Allen filed what they styled as "Motion Emergency Petition for Writ of Mandamus and Motion to Expedite Relief" ("mandamus action"). In substance, this is a mandamus claim to compel the respondent judge to resolve an App.R. 9(C) statement of evidence in the underlying case, *Jacobs v. Calhoun Funeral Home, LLC,* Cuyahoga C.P. No. CV-23-979882, for use in the direct appeal, *Jacobs v. Calhoun Funeral Home, LLC,* 8th Dist. Cuyahoga No. 114956.[1] Jacobs filed the mandamus action in a prohibition action she filed against the respondent judge to seek reversal of a summary judgment motion and other relief in the underlying action. When this court dismissed the prohibition action, *Jacobs v. Cuyahoga Cty. Court of Common Pleas,* 2025-Ohio-2076 (8th Dist.), it recognized that Jacobs was also actually seeking mandamus relief regarding her 9(C) statement that was independent from the prohibition action. Thus, this court issued an order directing the clerk's office to treat the mandamus action as a new case. For the following reasons, this court denies the mandamus action as moot.

{¶ 2} In the underlying case, Jacobs along with other friends and relatives sued Calhoun Funeral Home for breach of contract and negligence in cremating the body of Jacobs's daughter without family and friends being present. Initially,

---

[1] App.R. 9(C) provides that the record for an appeal may contain a statement of evidence or proceedings when no recording was made or the transcript is unavailable. An appellant prepares the statement from the best means available. Then an appellee may prepare objections or propose amendment. The trial court shall then settle and approve the statement for inclusion in the appellate record.

the plaintiffs were represented by an attorney. When the plaintiffs' attorney withdrew, the respondent judge held a status conference on the record on June 25, 2024, to clarify that the plaintiffs must represent themselves or be represented by an attorney. Only Jacobs and another plaintiff appeared at the status conference; they had not retained a new attorney. The respondent judge dismissed the plaintiffs who had not appeared. Once the judge had clarified the situation, she went off the record to discuss discovery issues with the remaining parties. Jacobs alleges that during this status conference, which was no longer on the record, the respondent judge made disparaging remarks about her and her case.

{¶ 3} When the respondent judge granted Calhoun's summary-judgment motion, Jacobs appealed and asked for a 9(C) statement of evidence and proffered an affidavit that specified the disparaging remarks supposedly made during the unrecorded portion of the status conference. The appellee filed its opposition, and when it appeared that the respondent judge was not resolving the 9(C) statement, Jacobs filed the mandamus action.

{¶ 4} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118 (1987).

**{¶ 5}** On June 3, 2025, the respondent judge resolved the 9(C) statement

in a journal entry that provided in pertinent part as follows:

Appellate Rule 9(c)(1) provides that "if no recording of the proceedings was made, if a transcript is unavailable, or if a recording was made but is no longer available for transcription, the appellant may prepare a statement of the evidence or proceeding from the best available means, including the appellant's recollection." Here, plaintiff is requesting approval of an App.R. 9(c) statement for a status conference held on June 25, 2024. However, a transcript of proceedings is available for this status conference, which was held on the record. Thus, appellant's request for an App.R. 9(c) statement is improper.

To the extent that any App.R. 9(C) statement is required, plaintiff's proposed statement is further denied as it does not accurately reflect the proceedings before the court on June 25, 2024. Pursuant to App.R. 9(C), "the trial court must determine the accuracy and truthfulness of a proposed statement of evidence or proceedings and then approve it." *Joiner v. Illum.* Co., 55 Ohio App.2d 187, 187, 380 N.E.2d 361 (8th Dist.1978). Specifically, plaintiff's assertion that Judge Kilbane called plaintiff or anyone else involved in the case "stupid" or that Judge Kilbane attempted to humiliate or intimidate plaintiffs or anyone else at the status conference is patently false. Defendant's objections refuting this portion of plaintiff's proposed App.R. 9(C) statement is sustained.

In addition to the transcript of the June 25, 2024 status conference, the court also issued two journal entries on July 1, 2024, which accurately reflect the off-the-record proceedings during the status conference. Therefore, to the extent that an App.R. 9(C) statement is required, these journal entries are hereby ordered to serve as the App.R. 9(C) statement in this matter regarding the June 25, 2024 status conference.

**{¶ 6}** On June 16, 2025, this court in the direct appeal, Case No. 114956,

issued the following journal entry:

Motion by appellant, pro se, for extension of time and reconsideration of denial of App.R. 9(C) statement is denied. Pursuant to the trial court's order issued on June 3, 2025, a transcript of the status conference that is the subject of the App.R. 9(C) statement is available. The court also has stated that the judgment entries issued on July 1,

2024, accurately reflect the "off-the-record proceedings during the status conference." Therefore, an App.R. 9(C) statement is not appropriate for this appeal. See App.R. 9(C)(1). Additionally, the trial court specifically stated that the appellant's App.R. 9(C) statement was not approved finding that it did not accurately reflect the statements made by the judge at the June 25, 2025 proceedings  Due to the fact there is a transcript of the hearing, in order to offer any further dispute as to the trial court's recitation of what occurred at the hearing, the appellant is directed to file the transcript.  The record is amended to an App.R. 9(A) record. The App.R. 9(A) record has been filed. Appellant's brief is due on or before July 7, 2025.

{¶ 7} These journal entries establish that the respondent judge fulfilled her duty to resolve the 9(C) statement; this court recognized the trial court's entry and designated the record a 9(A) record and ruled it complete.  There is no further action that can be taken.  Thus, this mandamus action is moot.

{¶ 8} Accordingly, this court denies the application for a writ of mandamus.  Relators to pay costs.  This court directs the clerk of courts to serve all parties notice of the judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶ 9} Writ denied.


_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

LISA B. FORBES, J., and
EMANUELLA D. GROVES, J., CONCUR