THE STATE, EX REL. DIX, APPELLANT, *v.* ANGELOTTA,
JUDGE, APPELLEE.

[Cite as State, ex rel. Dix, *v.* Angelotta
(1985), 18 Ohio St. 3d 115.]

(No. 84-950—Decided July 3, 1985.)

*John N. Gardner* and *Andrew Lee, Jr.,* for appellant.

*John T. Corrigan,* prosecuting attorney, and *John B. Gibbons,* for appellee.

*Per Curiam.* The sole issue presented by this appeal is whether a complaint for a writ of mandamus is the proper vehicle in which appellant's claimed speedy trial right violation should be addressed. It is axiomatic that a writ of mandamus will only be issued when the aggrieved party has no adequate remedy at law. *State, ex rel. Racine,* v. *Dull* (1975), 44 Ohio St. 2d 72, 73 [73 O.O.2d 320]. Additionally, this court has held that extraordinary writs, such as mandamus, may not be employed before trial as a substitute for appeal. *State, ex rel. Woodbury,* v. *Spitler* (1973), 34 Ohio St. 2d 134 [63 O.O.2d 229], syllabus.

In the instant case there are factors which may affect appellant's right to have a trial date set no later than two hundred seventy days after his ar-

rest.[1] First, appellant's attorney failed to show up for two pretrials and, second, the case was set for special venire pursuant to R.C. 2945.18. Thus, the appropriate and adequate remedy by which appellant's grievance regarding a speedy trial should be determined is an appeal after trial.

Therefore, we find that appellant's complaint for a writ of mandamus was properly dismissed and we affirm the judgment of the court of appeals.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.

---

[1] R.C. 2945.71(C)(2) mandates that a person charged with a felony shall be brought to trial within two hundred seventy days after his arrest. R.C. 2945.71(E) provides that each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days for the purpose of computing time under subdivision (C)(2).