JACKSON, APPELLANT, *v.* WILSON, WARDEN, APPELLEE.

[Cite as *Jackson v. Wilson,* 100 Ohio St.3d 315, 2003-Ohio-6112.]

(No. 2003–0399—Submitted November 3, 2003—Decided December 3, 2003.)

---

**Per Curiam.**

{¶ 1} In February 2001, appellant, Theodore R. Jackson Jr., pled guilty to and was convicted of kidnapping, aggravated robbery, escape, and two counts of felonious assault, and was sentenced to prison.

{¶ 2} In November 2002, Jackson filed a petition in the Court of Appeals for Trumbull County for a writ of habeas corpus to compel appellee, Trumbull County Correctional Institution Warden Julius C. Wilson, to release him immediately from prison. Jackson claimed that the state had violated his speedy-trial rights under R.C. 2941.401 because he was not timely informed of the untried indictments against him while he was incarcerated on other crimes. The charges were ultimately incorporated in a second indictment, which subsequently formed the basis for his February 2001 convictions.

{¶ 3} In January 2003, the court of appeals sua sponte dismissed the petition. The court of appeals determined that Jackson had failed to allege a violation of his speedy-trial rights under R.C. 2941.401.

{¶ 4} Jackson asserts that the court of appeals erred in dismissing his petition. Jackson's assertion is meritless.

{¶ 5} Jackson's petition is insufficient to warrant extraordinary relief in habeas corpus. " '[H]abeas corpus, like other extraordinary writ actions, is not available when there is an adequate remedy at law.' " *In re Coleman*, 95 Ohio St.3d 284, 284, 2002-Ohio-1804, 767 N.E.2d 677, ¶ 4, quoting *Gaskins v. Shiplevy* (1996), 76 Ohio St.3d 380, 383, 667 N.E.2d 1194. Jackson had adequate remedies at law by moving to dismiss the charges based on his speedy-trial claim and, if that failed, by appealing from the judgment.

{¶ 6} This conclusion is consistent with precedent. See *State ex rel. Bowling v. Hamilton Cty. Court of Common Pleas* (1970), 24 Ohio St.2d 158, 53 O.O.2d 355, 265 N.E.2d 296. In *Bowling,* we dismissed a prisoner's mandamus claim that was premised on an alleged violation of his speedy-trial rights under R.C. 2941.401 because he had an adequate remedy at law:

{¶ 7} "The relator has a clear and adequate remedy at law. He has been indicted and is represented by counsel. He can make a motion in the trial court for dismissal of the charge for denial of a speedy trial, under R.C. 2941.401 * * *." Id.; see, also, *State ex rel. James v. Cuyahoga Cty. Probation Dept.* (Mar. 18, 1999), Cuyahoga App. No. 75068, 1999 WL 148488 ("James has or had an adequate remedy at law to seek enforcement of R.C. 2941.401"); *State v. Judd* (Sept. 19, 1996), Franklin App. No. 96APA03–330, 1996 WL 532180 ("The appropriate remedy [for a claimed violation of R.C. 2941.401] is to dismiss the charges for lack of a speedy trial.").

{¶ 8} Moreover, this holding comports with our general rule that "[a] claimed violation of a criminal defendant's right to a speedy trial is not cognizable in

habeas corpus." *Travis v. Bagley* (2001), 92 Ohio St.3d 322, 323, 750 N.E.2d 166. Other remedies are appropriate. *State ex rel. Brantley v. Anderson* (1997), 77 Ohio St.3d 446, 674 N.E.2d 1380.

{¶ 9} Finally, even if these other remedies are no longer available to Jackson, he is not thereby entitled to an extraordinary writ. See *State ex rel. Gaydosh v. Twinsburg* (2001), 93 Ohio St.3d 576, 579, 757 N.E.2d 357 ("the fact that either or both of these alternative remedies may no longer be available because of [relator's] failure to timely pursue them does not render them inadequate"); *Daniel v. State,* 98 Ohio St.3d 467, 2003-Ohio-1916, 786 N.E.2d 891, ¶ 8 ("habeas corpus is not a substitute for appeal or postconviction relief").

{¶ 10} Based on the foregoing, we affirm the judgment of the court of appeals. By so holding, we need not address the propriety of that court's determination that no violation of R.C. 2941.401 occurred. "Reviewing courts are not authorized to reverse a correct judgment on the basis that some or all of the lower court's reasons are erroneous." *State ex rel. McGrath v. Ohio Adult Parole Auth.,* 100 Ohio St.3d 72, 2003-Ohio-5062, 796 N.E.2d 526, ¶ 8.

Judgment affirmed.

Moyer, C.J., Resnick, F.E. Sweeney, Pfeifer, Lundberg Stratton, O'Connor and O'Donnell, JJ., concur.

———

Theodore R. Jackson, pro se.

Jim Petro, Attorney General, and Bruce D. Horrigan, Assistant Attorney General, for appellee.