OPINION {¶ 1} Third-Party Defendant-appellant Gulf Insurance Company appeals the January 20, 2004, Order of the Court of Common Pleas of Stark County, Ohio, denying its Motion for Relief from Judgment, or Alternatively Motion for Reconsideration
 STATEMENT OF THE FACTS AND CASE {¶ 2} The facts of this case are as follows:
 {¶ 3} On November 13, 1999, Mitchell J. Morrison was operating his bicycle in a westerly direction on State Street in Stark County, Ohio. Kenneth Wilcox, traveling east on State Street, failed to yield the right-of-way and struck Mr. Morrison's bicycle, injuring Morrison. As a direct and proximate result of the negligence of Kenneth Wilcox, Mr. Morrison sustained serious bodily injury leading to his death on December 17, 1999.
 {¶ 4} On the date of the accident, Morrison lived with his wife, Kathy Morrison, and their three children in Uniontown, Ohio. The tortfeasor, Kenneth Wilcox, carried automobile liability insurance coverage through Progressive Insurance Company with limits of $12,500 per person and $25,000 per accident. Progressive Insurance paid its limits to the estate of Mitchell Morrison.
 {¶ 5} State Farm Mutual Insurance Company insured Mr. and Mrs. Morrison with UM/UIM coverage with limits of $250,000 per person and $500,000 per accident. State Farm paid its underinsured motorist limit less a set-off of the tortfeasor's liability limit to the Estate of Mitchell Morrison.
 {¶ 6} On the day of the accident, Kathy Morrison was a full-time employee of the University of Akron, a corporation. On that date, plaintiff St. Paul Fire Marine Insurance Company, which is not a party to this appeal, insured the University of Akron. The St. Paul policy provided business auto coverage, which expressly included UM/UIM coverage with $1,000,000 limits; general liability coverage also with $1,000,000 limits; and umbrella liability coverage with $4,000,000 limits.
 {¶ 7} In addition to the St. Paul policy, Akron University also had an excess liability policy issued by appellant/third-party defendant Gulf, which provided excess liability coverage with $95,000,000 limits.
 {¶ 8} Appellant Gulf Insurance expressly agreed that its policy Afollows form@ to the St. Paul policy, and specifically provides if a claim is covered under the St. Paul policy, then the Gulf policy also covers the claim.
 {¶ 9} On July 20, 2001, St. Paul filed an action in the Stark County Common Pleas Court seeking a declaratory judgment that Appellees were not entitled to UIM coverage under the St. Paul policies.
 {¶ 10} On November 1, 2001, Appellees filed a counterclaim against St. Paul and a Third Party Complaint against Gulf, seeking UIM coverage under their respective policies.
 {¶ 11} The parties filed cross-motions for summary judgment, but on July 5, 2002, prior the trial court ruling on the coverage issues, Appellees and St. Paul stipulated that a settlement had been reached and St. Paul only was dismissed from the case. St. Paul tendered its limits of $5,000,000.00, but expressly refused to acknowledge Mitchell Morrison or any of the beneficiaries of Mitchell Morrison are insureds under St. Paul's policies.
 {¶ 12} On February 14, 2002, Gulf filed a Motion for summary judgment arguing that UM/UIM coverage was unavailable under the Gulf policy because the definition of insured in the Ohio UM Endorsement was distinguishable from the policy language contained in Scott-Pontzer.
 {¶ 13} By Order dated July 8, 2002, the trial court found Appellee was entitled to coverage under the Gulf excess policy. The trial court citedScott-Pontzer v. Liberty Mutual Fire Insurance Company, 85 Ohio St. 3d 666,1999-Ohio-292, 710 NE 2d 1116, and Moore v. State Auto Mutual InsuranceCompany, 88 Ohio St. 3d 27, 200-Ohio-264, 723 NE 2d 97.
 {¶ 14} Gulf appealed the trial court's decision and in St. Paul Fire Marine Ins. Co. v. Morrisson, (April 14, 2003) Stark App. No. 2002CA00274, this court affirmed the decision of the trial court in part and reversed in part, holding:
 {¶ 15} "We find the language in the St. Paul policy before us is like that of the policy in the Shortt case, because they both clearly and unambiguously restrict coverage for family members to the family members of persons named in the policy as individuals. We find Scott-Pontzer does not apply to appellee's family members.
 {¶ 16} "The inclusion of the word Ayou@ as an insured, referring only to the University of Akron, creates the ambiguity the Supreme Court found in Scott-Pontzer, and results in coverage for the employee, Kathy Morrison, individually."
 {¶ 17} This Court then found "the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed in part and reversed in part, and the cause is remanded to that court [for] further proceedings in accord with law and consistent with this opinion."
 {¶ 18} No appeal was filed to the Ohio Supreme Court.
 {¶ 19} Subsequent to the remand to the trial the court, the parties, unable to resolve their differences as to the value of Mrs. Morrison's consortium claim, agreed to submit the issue of damages to binding arbitration.
 {¶ 20} However, on November 5, 2003, prior to any further proceeding in the trial court, the Ohio Supreme Court issued its decision inWestfield Ins. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849.
 {¶ 21} On January 8, 2004, Appellant Gulf filed a motion for reconsideration on the basis of Galatis, supra, arguing that the judgment previously entered in favor of Mrs. Morrison should be set aside pursuant to Civ. R. 54(B) because the trial court never entered final judgment as to all of the claims of all of the parties, or alternatively, moved for relief from judgment pursuant to Civ. R. 60(B) if the trial court found that final judgment had been entered.
 {¶ 22} On January 12, 2004, Appellee Morrison filed a Motion to Compel Arbitration.
 {¶ 23} On January 20, 2004, the trial court denied Appellant Gulf's Motion and granted Appellee's Motion to Compel Arbitration.
 {¶ 24} Appellant now appeals, assigning the following error for review:
 ASSIGNMENT OF ERROR {¶ 25} AI. The Court of Common Pleas for Stark County, Ohio (ATrial Court@) erred when it failed to apply Westfield Ins. Co. v. Galatis
(2003), 100 Ohio St.3d 316, 797 N.E.2D 1256, To the Claim of Defendant/ThIRD-Party Plaintiff/Appellee Kathy Morrison ("Mrs. Morrison") for underinsured motorists ("UIM") coverage, and denied reconsideration of summary judgment, and relief from judgment, to Third Party Defendant/Appellant Gulf Insurance Company (AGulf@).
 I. {¶ 26} Appellant claims that the trial court erred in denying its Motion for Relief from Judgment/Motion for Reconsideration, arguing that the trial court should have applied Galatis, supra, to the instant case because it is an intervening change in Ohio law. We agree.
 {¶ 27} Appellees maintain that this Court's decision on April 14, 2003, finding Appellees were entitled to UIM coverage, was a determination of law which left the trial court with nothing to do upon remand. Appellees also maintain that Gulf cannot rely upon a change in the law to justify its attempt to re-litigate the issue of coverage.
 {¶ 28} Appellees claim the trial court was barred from applying theGalatis decision to the case sub judice based on the doctrine of resjudicata
 {¶ 29} The doctrine of res judicata is defined as "[a] valid, final judgment rendered upon the merits [that] bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp.,73 Ohio St.3d 379, syllabus, 1995-Ohio-331. The doctrine is a substantive rule of law that applies to a final judgment. [Citations omitted.]Hopkins v. Dyer, 104 Ohio St.3d 461, 2004-Ohio-6769, at ¶ 22.
 {¶ 30} In the matter currently before this Court, Appellees maintain our remand to the trial court amounted to nothing more than performing an administrative or ministerial act because our finding that Appellees were entitled to coverage was a determination of law. Thus, Appellees conclude the remand was solely for the trial court to apply this Court's mandate which had become final when no appeal was filed with the Ohio Supreme Court. As such, Appellees maintain the trial court was not permitted to reconsider the coverage issue in light of Galatis.
 {¶ 31} We disagree with this argument. This Court has examined this issue in Fish v. Ohio Casualty Insurance Co., Stark App. No. 2004CA00096, 2005-Ohio-___, and Dean v. Grange Mutual Casualty Co., Stark App. No. 2004CA00133, 2005-Ohio-___, wherein we concluded that the doctrine of res judicata did not apply in cases where the trial court had not issued a final judgment subsequent to a remand from this Court.
 {¶ 32} As explained by the Ohio Supreme Court in Cleveland Elec.Illuminating Co. v. Pub. Utilities Comm. of Ohio (1976), 46 Ohio St.2d 105,110, a "remand" is:
 {¶ 33} "* * * to send back to the original tribunal for further proceedings, generally upon orders or directions from the higher court. When a court acts to remand a cause, it is not itself finally determining the outcome of the cause, nor is it executing a judgment in favor of one of the parties. The judgment is given legal effect when it is executed by the lower tribunal, and the judgment as rendered is that of the tribunal to which the cause had been remanded. [Citation omitted.]"
 {¶ 34} Further, in Frate v. Al-Sol, Inc. (Nov. 24, 1999), Cuyahoga App. No. 76526, the Eighth District Court of Appeals stated the importance of a trial court's entry of judgment upon remand from the trial court. The court explained "[t]he filing of a mandate is not a final appealable order of the common pleas court but is a directive from this court [court of appeals] to the common pleas court to `proceed as if the final order, judgment, or decree had been rendered in it.' Any other conclusion would allow this court [court of appeals] to review its own decision, an obviously improper result." Id. at 3.
 {¶ 35} As noted above, the trial court, in the case sub judice, never entered a final judgment pursuant to our mandate upon remand. Therefore, until the trial court executed the judgment, pursuant to our remand, the judgment was not final and the doctrine of res judicata inapplicable.
 {¶ 36} Appellant's sole assignment of error is sustained.
 {¶ 37} The judgment of the Court of Common Pleas of Stark County, Ohio, is reversed.
Boggins, P.J., Gwin, J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed. Costs assessed to Appellee.