Michael Valigore Jr., pro se.

––––––––––

THE STATE EX REL. HAMILTON, APPELLANT, *v.* BRUNNER, JUDGE, APPELLEE.

[Cite as *State ex rel. Hamilton v. Brunner,*
105 Ohio St.3d 304, 2005-Ohio-1735.]

(No. 2004–1908—Submitted March 30, 2004—Decided April 27, 2005.)

––––––––––

**Per Curiam.**

––––––––––

{¶ 1} On February 26, 1993, appellant, Sidney S. Hamilton, was indicted on several criminal charges. In August 1993, Hamilton entered a guilty plea to attempted rape and gross sexual imposition and was sentenced to an aggregate prison term of six to 15 years. Hamilton did not file a timely appeal of his conviction and sentence. Hamilton filed various postjudgment motions as well as a petition for postconviction relief. On October 29, 1997, Hamilton was adjudicated to be a sexual predator.

{¶ 2} In November 2002, Hamilton filed a petition in the Court of Appeals for Franklin County for a writ of mandamus to compel appellee, Franklin County Common Pleas Court Judge Jennifer L. Brunner, to rule on his pending postconviction motions and to correct his judgment entry to reflect that the common pleas court never obtained jurisdiction over him. On July 23, 2003, Judge Brunner denied Hamilton's petition for postconviction relief and pending motions. On July 25, 2003, Judge Brunner moved to dismiss Hamilton's mandamus petition. The court of appeals converted the dismissal motion to a motion for summary judgment.

{¶ 3} On September 30, 2004, the court of appeals denied the writ.

{¶ 4} We affirm the judgment of the court of appeals.

{¶ 5} Hamilton requested a writ of mandamus to compel Judge Brunner to rule on his postconviction petition and motions. She did so on July 23, 2003. " 'Mandamus does not lie to compel an act that has already been performed.' " *State ex rel. Natl. City Bank v. Maloney*, 103 Ohio St.3d 93, 2004-Ohio-4437, 814 N.E.2d 58, ¶ 10, quoting *State ex rel. Jones v. O'Connor* (1999), 84 Ohio St.3d 426, 704 N.E.2d 1223.

{¶ 6} Moreover, Hamilton's claim that his journal entry should be corrected to reflect the fact that the trial court never obtained proper jurisdiction over him because of an improper indictment and defective municipal court proceedings is meritless. Mandamus will not issue if there is a plain and adequate remedy in the ordinary course of law. *State ex rel. Ullmann v. Hayes*, 103 Ohio St.3d 405, 2004-Ohio-5469, 816 N.E.2d 245, ¶ 8. Hamilton had an adequate remedy by appeal to raise his claim that his indictment was invalid so as to warrant correction of his sentencing entry. See *State ex rel. Hadlock v. Corrigan* (1991), 62 Ohio St.3d 202, 580 N.E.2d 1089 (court affirmed dismissal of mandamus action to compel trial court to vacate sentencing entry because appellant had adequate legal remedies to claim that there was no valid charging instrument). An indictment cannot be collaterally attacked following a judgment of conviction. *State ex rel. Wilcox v. Seidner* (1996), 76 Ohio St.3d 412, 415, 667 N.E.2d 1220. Nor are municipal court improprieties in a case in which the petitioner is subsequently

convicted and sentenced upon an indictment cognizable in an extraordinary-writ action. See, e.g., *Williamson v. Williams,* 103 Ohio St.3d 25, 2004-Ohio-4111, 812 N.E.2d 1283, ¶ 2–3; *Harris v. Bagley,* 97 Ohio St.3d 98, 2002-Ohio-5369, 776 N.E.2d 490, ¶ 3.

{¶ 7} Further, Hamilton's claim that he has been denied his right to a speedy trial is not cognizable in an extraordinary-writ proceeding; again, he had an adequate remedy at law by way of appeal to raise this claim. See *Jackson v. Wilson,* 100 Ohio St.3d 315, 2003–Ohio–6112, 798 N.E.2d 1086, ¶ 5; *State ex rel. Dix v. Angelotta* (1985), 18 Ohio St.3d 115, 18 OBR 146, 480 N.E.2d 407.

{¶ 8} Finally, we find no merit in Hamilton's assertion that alleged "bad faith" by the state and denial of his right to due process of law prevent the state from objecting to his appeal.

{¶ 9} Based on the foregoing, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

———————

Sidney S. Hamilton, pro se.

Ron O'Brien, Franklin County Prosecuting Attorney, and Patrick J. Piccininni, Assistant Prosecuting Attorney, for appellee.