ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Richard L. Stadmire has filed a complaint for a writ of mandamus. Stadmire seeks an order from this court which compels Judge Judith Kilbane Koch and Gerald T. McFaul, Cuyahoga County Sheriff, in the underlying action of State v. Stadmire,
Cuyahoga County Court of Common Pleas Case No. CR-461538, "to rule on relator's motion to dismiss felony charges for delay of trial according to Ohio Revised Code * * * and to release relator forthwith for lost (sic) of jurisdiction * * *.". Judge Koch and McFaul have filed a joint motion for summary judgment which we grant for the following reasons.
 {¶ 2} Initially, we find that Stadmire has failed to comply with R.C. 2969.25, which requires the attachment of an affidavit to the complaint for a writ of mandamus that describes each civil action or appeal filed within the previous five years in any state or federal court. Stadmire's failure to comply with R.C.2969.25 warrants the dismissal of the complaint for a writ of mandamus. State ex rel. Zanders v. Ohio Parole Bd.,82 Ohio St.3d 421, 1998-Ohio-218, 696 N.E.2d 594; Alford v. Winters,80 Ohio St.3d 285, 1997-Ohio-117, 685 N.E.2d 1242. It must also be noted that Stadmire has failed to comply with Loc.App.R. 45(B)(1)(a) which mandates that the complaint be supported by an affidavit which specifies the details of the claim. The failure of Stadmire to comply with the supporting affidavit requirement of Loc.App.R. 45(B)(1)(a) requires dismissal of the complaint for a writ of mandamus. State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899; State ex rel. Wilson v.Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077.
 {¶ 3} Despite the aforesaid procedural defects, a substantive review of Stadmire's complaint fails to demonstrate that he is entitled to a writ of mandamus. Stadmire filed his "motion to dismiss felony charges for delay of trial" on January 19, 2006. As of the date of this entry, a period of not more than three months has passed since the filing of the motion to dismiss. A lapse of three months, since the filing of the motion to dismiss, does not constitute an unreasonable delay which requires that we order Judge Koch to issue a ruling. State ex rel. Bunting v.Hass, 102 Ohio St.3d 161, 2004-Ohio-2055, 807 N.E.2d 359; Stateex rel. Levin v. Sheffield Lake, 70 Ohio St.3d 104,1994-Ohio-385, 637 N.E.2d 319; State ex rel. Turpin v. StarkCty. Court of Common Pleas (1966), 8 Ohio St.2d 1,220 N.E.2d 670.
 {¶ 4} In addition, a complaint for a writ of mandamus may not be employed to address a claim of lack of speedy trial. State exrel. Hamilton v. Brunner, 105 Ohio St.3d 304, 2005-Ohio-1735,825 N.E.2d 607; State ex rel. Dix v. Angelotta (1985),18 Ohio St.3d 115, 480 N.E.2d 407. The claim that Stadmire has been denied a speedy trial can only be addressed through a direct appeal. Jackson v. Wilson, 100 Ohio St.3d 315, 2003-Ohio-6112,798 N.E.2d 1086. It must also be noted that Stadmire's complaint for a writ of mandamus fails to contain any cognizable claims against McFaul. State ex rel. Peeples v. Anderson (1995),73 Ohio St.3d 559, 653 N.E.2d 371.
 {¶ 5} Accordingly, we grant the motion for summary judgment. Costs to Stadmire. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ.R. 58(B).
Writ denied.
Celebrezze, Jr., P.J., Concurs Cooney, J., Concurs