ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} On July 13, 2006, petitioner Danielle Johns commenced cthis mandamus action against Judge Brian Corrigan in which he asks this court to issue a writ of mandamus directing Judge Corrigan to bring him to trial without any further delay. Thereafter, on July 28, 2006, Judge Corrigan, through the Cuyahoga County Prosecutor's Office, filed a motion for summary judgment. Johns did not submit a reply to the motion for summary judgment. For the following reasons, we grant the motion for summary judgment.
 {¶ 2} Initially, we find that Johns' petition is defective since it is improperly captioned. The complaint for an extraordinary writ must be brought by petition, in the name of the state on relation of the person applying. Johns' failure to properly caption his petition for a writ of mandamus constitutes sufficient reason for dismissal. Allen v. Court of Common Pleasof Allen City (1962), 173 Ohio St. 226, 181 N.E.2d 270; Dunningv. Judge Cleary, et al. (Jan. 11, 2001), Cuyahoga App. No. 78763.
 {¶ 3} Johns also failed to support his complaint with an affidavit "specifying the details of the claim" as required by Local Rule 45(B)(1)(a). State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077; State ex rel. Smith v.McMonagle (July 17, 1996), Cuyahoga App. No. 70899.
 {¶ 4} Additionally, Johns failed to comply with R.C. 2969.25, which mandates that he attach an affidavit to his complaint that describes each civil action or appeal of a civil action filed in the previous five years. The failure to provide such affidavit constitutes sufficient grounds for dismissal of the relator's complaint for a writ of mandamus. State ex rel. Zanders v. OhioParole Board, 82 Ohio St.3d 421, 1998-Ohio-218, 696 N.E.2d 594;State ex rel. Alford v. Winters, 80 Ohio St.3d 285,1997-Ohio-117, 685 N.E.2d 1242.
 {¶ 5} Despite the aforesaid procedural defects, a substantive review of Johns' complaint fails to establish that he is entitled to a writ of mandamus. A complaint for a writ of mandamus may not be employed to address a claim of lack of speedy trial. State exrel. Hamilton v. Brunner, 105 Ohio St.3d 304, 2005-Ohio-1735,825 N.E.2d 607; State ex rel. Dix v. Angelotta (1985),18 Ohio St.3d 115, 480 N.E.2d 407; State ex rel. Stadmire v. CommonPleas Court, et al., Cuyahoga App. No. 87858, 2006-Ohio-1834. The claim that Johns has been denied a speedy trial can only be addressed through a direct appeal. Jackson v. Wilson,100 Ohio St.3d 315, 2003-Ohio-6112, 798 N.E.2d 1086.
 {¶ 6} Accordingly, we grant the motion for summary judgment. Costs are hereby waived. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ.R. 58(B).
Writ Denied.
Calabrese, Jr., P.J., concurs Blackmon, J., concurs.