ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Relator, Donald Turner, is the defendant in State v.Turner, Cuyahoga County Court of Common Pleas Case No. CR-453056. Turner avers that: respondent judge[1] is assigned to Case No. CR-453056; he has been in custody with respect to this matter since approximately June, 2004; and that he has neither requested nor consented to requests for continuances. He requests that this court compel respondent judge to bring him before the court for trial.
 {¶ 2} Respondent has moved to dismiss. For the reasons stated below, we grant the motion to dismiss.
 {¶ 3} Turner complains that he is being denied "his right to a fast and speedy trial." Memorandum in Support of Complaint.
"[A] complaint for a writ of mandamus may not be employed to address a claim of lack of speedy trial. State ex rel. Hamiltonv. Brunner, 105 Ohio St.3d 304, 2005-Ohio-1735, 825 N.E.2d 607;State ex rel. Dix v. Angelotta (1985), 18 Ohio St.3d 115,18 Ohio B. 146, 480 N.E.2d 407. The claim that [relator] has been denied a speedy trial can only be addressed through a direct appeal. Jackson v. Wilson, 100 Ohio St.3d 315, 2003 Ohio 6112,798 N.E.2d 1086."
State ex rel. Stadmire v. Common Pleas Court, Cuyahoga App. No. 87858, 2006-Ohio-1834, at ¶ 4. To the extent that Turner challenges the propriety of his remaining in custody before trial, relief in mandamus is not appropriate.
 {¶ 4} We also note that the docket in the underlying case reflects that the court of common pleas has made several journal entries stating that various continuances were at the defendant's (that is, Turner's) request. Turner has not provided this court with any controlling authority under which his challenges to the accuracy of the record in the underlying case provide either a clear legal right to relief or a clear legal duty on the part of respondent to act as Turner has requested.
 {¶ 5} Rather, Turner is essentially complaining that, because the court of common pleas has taken too long to bring him to trial, he is entitled to relief in mandamus to compel the court of common pleas to commence trial in Case No. CR-443056. Mandamus is not appropriate for the correction of errors or procedural irregularities in the underlying case. State ex rel. Smith v.Fuerst, Cuyahoga App. No. 86118, 2005-Ohio-3829, at ¶ 4. Additionally, Turner has not demonstrated that an appeal would not be an adequate remedy.
 {¶ 6} Turner's complaint and supporting documentation also are defective in ways that require dismissal. "A complaint for a writ of mandamus must be brought in the name of the state, on relation of the person applying. The failure of [relator] to properly caption her complaint for a writ of mandamus warrants dismissal." Marcano v. State, Cuyahoga App. No. 87797,2006-Ohio-1946, at ¶ 2 (citations deleted). See also R.C.2731.04. Turner's complaint is not captioned as being on relation of the state.
 {¶ 7} Similarly, the purported affidavits which Turner has submitted with his complaint and in support of his claim of indigency are not notarized. He has not, therefore, complied with the requirement of Loc.App.R. 45(B)(1) that he support his complaint with an affidavit specifying the details of the claim and he has not substantiated his claim of indigency. Likewise, Turner has not supported his complaint with an affidavit and other materials required by R.C. 2969.25. Although Turner argues that his being confined in the county jail exempts him from the requirements of R.C. 2969.25, R.C. 2969.21(D) includes a person confined in a county jail among those defined as an "inmate." These circumstances provide grounds for dismissing this action, denying his claim of indigency and ordering him to pay costs.Jarrett v. Cuyahoga Cty. Common Pleas Court, Cuyahoga App. No. 87232, 2006-Ohio-2220.
 {¶ 8} We also note that the purported "Affidavit of Verity" merely recites that the statements in it "are true and accurate to the best of my personal knowledge, awareness, and belief." Turner's use of this conclusory statement is not sufficient to comply with the Loc.App.R. 45(B)(1) requirement that the affidavit must specify the details of the claim. Barry v.Galvin, Cuyahoga App. No. 85990, 2005-Ohio-2324.
 {¶ 9} Accordingly, respondent's motion to dismiss is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Complaint dismissed.
James J. Sweeney, J., concurs Mary Eileen Kilbane, J.,concurs.
[1] Although the named respondent has recused herself and a new judge has been assigned, respondent has not demonstrated that the reassignment of the underlying case to a different judge is dispositive of this action. Cf. Civ.R. 25(D)(1).