PER CURIAM OPINION
{¶ 1} This action in procedendo is presently before this court for consideration of the motion to dismiss filed by respondent, Judge Albert S. Camplese of the Ashtabula Municipal Court. As the sole basis for this motion, respondent states that the petition of relator, Matthew Davis, fails to state a viable claim for the writ because his own factual allegations support the conclusion that relator has an adequate remedy at law. For the following reasons, we conclude that the motion to dismiss has merit.
 {¶ 2} In bringing this action, relator seeks an order requiring respondent to *Page 2 
render a final judgment in an underlying criminal case. A review of the procedendo petition indicates that relator's sole claim for relief is based upon the following basic assertions.
 {¶ 3} In August 2006, a criminal complaint was filed in respondent's court which charged relator with two misdemeanor offenses, resisting arrest and domestic violence. As part of his initial appearance on the charges, relator entered a plea of not guilty and executed a written waiver of his right to a speedy trial. According to relator, the waiver did not have any specific language which placed any limit upon the extent of the delay in conducting the trial on the charges. However, it was relator's "understanding" that the delay would only be for approximately thirty days.
 {¶ 4} No further proceedings took place in the underlying case until December 12, 2006, when relator's new trial counsel filed a notice of appearance and a motion for a continuance. According to relator, this was the only time throughout the case that he requested a continuance, and the motion was denied by respondent. In addition, he also asserts that no further proceedings were had until July 11, 2007, when respondent scheduled relator's trial for November 2007. In September 2007, though, relator's trial counsel requested that the case be tried before a jury.
 {¶ 5} In October 2007, relator moved for the dismissal of the pending charges on the basis that the failure to bring him to trial within the preceding year had resulted in a violation of his statutory right to a speedy trial. This motion was immediately overruled on the grounds that relator had previously waived the statutory time limits.
 {¶ 6} When respondent did not immediately schedule the underlying case for trial following the denial of the motion to dismiss, relator initiated the instant original *Page 3 
action before this court. In support of his sole claim, relator's petition essentially sets forth a restatement of the argument upon which he based his motion to dismiss in the underlying criminal case. First, relator submits that, pursuant to R.C. 2945.71(B), his trial on the misdemeanor charges had to go forward within ninety days of the date of his arrest. Second, he contends that, since no proper continuances have been granted during the pendency of the case, the ninety-day period has already elapsed and he is entitled to be discharged. Thus, relator prays that a writ be issued requiring respondent to either set the case for trial immediately or render a final judgment in his favor.
 {¶ 7} In now moving to dismiss relator's claim under Civ. R. 12(B)(6), respondent argues that the foregoing allegations are legally insufficient because a procedendo case is not the proper forum for contesting the merits of a "speedy trial" dispute. Specifically, respondent asserts that, because the decision to reject relator's speedy trial argument was made in the context of a pending criminal matter, relator will have an opportunity to contest the merits of that decision in a direct appeal from the final judgment in the case. In light of this, respondent further asserts that the writ will never lie because relator has an adequate remedy at law, and that relator is improperly attempting to use the instant action as a substitute for a direct appeal.
 {¶ 8} After reviewing the case law of this state, this court would note that there does not appear to be any precedent concerning whether the merits of a "speedy trial" determination can be the subject of a procedendo action. However, our consideration of the prior case law involving comparable claims shows that the courts of this state have not allowed criminal defendants to raise such an issue in the context of other actions for an extraordinary writ. *Page 4 
 {¶ 9} Specifically, in State ex rel. Dix v. Angelotta (1985),18 Ohio St.3d 115, the criminal defendant moved the trial court to dismiss on speedy trial grounds after he had been held in the county jail for approximately three months on a murder charge. Once the trial court had overruled the dismissal motion, the defendant filed a petition for a writ of mandamus in the appellate court. This separate action was initiated before the trial court could go forward with the trial on the murder charge. In his petition, the defendant sought the issuance of a writ to compel the trial judge to grant the "speedy trial" motion and dismiss the pending charge.
 {¶ 10} In upholding the decision of the appellate court to dismiss the mandamus claim, the Supreme Court of Ohio in Dix expressly held that the final merits of the speedy trial issue could not be addressed in a mandamus action. As the basis for this holding, the Dix court emphasized that, since a writ of mandamus can never be granted when there exists an alternative legal remedy which can be pursued, the defendant could not state a viable claim because he could contest the "speedy trial" decision in direct appeal from the final conviction. As an aside, theDix court further noted that its review of the defendant's factual allegations indicated that there were a number of reasons why it was possible that no speedy trial violation had occurred even though the statutory time limit had elapsed.
 {¶ 11} A similar legal analysis has also been generally followed in habeas corpus cases. In Jackson v. Wilson, 100 Ohio St.3d 315,2003-Ohio-6112, the dismissal of the habeas corpus petition was affirmed for the reason that, once the trial court had denied a speedy trial motion, a criminal defendant still had an adequate legal remedy through a direct appeal of the conviction. See, also, State ex rel. McKay v.Corrigan, 8th Dist. No. *Page 5 
 {¶ 12} Although the nature of the relief granted in a procedendo action is slightly different than the relief afforded in a mandamus or habeas corpus proceeding, all three of these original actions are similar to the extent that each requires the absence of any alternative legal remedy. That is, like a writ of mandamus or habeas corpus, a writ of procedendo will not lie when an adequate remedy at law exists. SeeState ex rel. Pisani v. Cirigliano (1999), 133 Ohio App.3d 622. Given the similarity of the "remedy" element in each of the claims, it logically follows that the holdings in Dix and Jackson would apply in this instance. This court holds that the merits of a speedy trial motion cannot form the basis of a viable procedendo claim because any ruling made by the trial court could be challenged in a direct appeal. In other words, a procedendo action is not an acceptable means for contesting the disposition of a speedy trial matter because the defendant will always have an adequate remedy at law.
 {¶ 13} In addition, we would note that the factual allegations in the instant matter are similar to those in Dix, in that relator's own assertions support the conclusion that no speedy trial violation occurred in the underlying proceeding. Despite his contention that he "thought" the delay in the proceeding would only be for thirty days, relator admits that the written form which he executed did not place any specific limit upon the extent of his waiver of his statutory speedy trial rights. Under Ohio law, a defendant cannot seek his discharge on the basis of a statutory speedy trial violation when: (1) the written waiver had no limits on its duration; and (2) he did not submit a subsequent written objection to any additional continuances and demanded an immediate trial. State v. King, 3rd Dist. No. 9-05-18, 2007-Ohio-335, at ¶ 37. In the instant petition, relator has not alleged that, *Page 6 
prior to the filing of his motion to dismiss in October 2007, he submitted to respondent a formal written objection to any further delay based upon the prior waiver. Therefore, based on the record before us at this time, it appears that since relator initiated the instant action only one month after the filing of the motion to dismiss before respondent, a violation of his statutory right to a trial within ninety days could not have existed under the specific allegations in his petition.
 {¶ 14} As a final point, apart from his "speedy trial" argument, relator also stated in his petition that he was entitled to a writ of procedendo because respondent still refused to go forward with the proceeding even though he had specifically requested an immediate trial on the two charges. As a general proposition, we would agree that a writ of procedendo can lie when the trial judge has unnecessarily delayed the commencement of a trial for an inordinate period. Nevertheless, this court would reiterate that, pursuant to relator's own allegations, his first written objection to the delay in the proceedings was not submitted until only thirty days prior to the initiation of this action. Therefore, as of the date of relator's procedendo petition, respondent did not have an obligation to proceed with the jury trial because only approximately thirty days of the ninety-day limit had elapsed. In addition, we would emphasize that relator's petition did not contain any specific allegation as to a possible violation of his right to a speedy trial.
 {¶ 15} Under Civ. R. 12(B)(6), the dismissal of a claim in an original action will be warranted when it is apparent beyond doubt that, even if the truth of the material factual allegations is presumed and all reasonable inferences are made in favor of the non-moving party, that party will still not be able to satisfy all of the necessary elements for *Page 7 
the requested relief. State ex rel. Rodak v. Betleski,104 Ohio St.3d 345, 2004-Ohio-6567, at ¶ 10. Applying this standard to the petition for relief in the instant action, this court concludes that relator's factual allegations were not legally sufficient to set forth a viable claim for a writ of procedendo. That is, not only do his allegations show that he has an adequate legal remedy in regard to the "speedy trial" issue, but they also demonstrate that respondent did not have a clear legal duty to go forward at the time the action was filed.
 {¶ 16} Pursuant to the foregoing analysis, respondent's motion to dismiss is hereby granted. It is the order of this court that relator's procedendo petition is dismissed in its entirety.
CYNTHIA WESTCOTT RICE, J., MARY JANE TRAPP, J., TIMOTHY P. CANNON, J., concur. *Page 1