[Cite as *State ex rel. Bradley v. Astrab*, 2012-Ohio-4610.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 98529

# STATE OF OHIO, EX REL.
# ALBERT BRADLEY

RELATOR

vs.

# JUDGE MICHAEL ASTRAB

RESPONDENT

## JUDGMENT:
## COMPLAINT DISMISSED

Writ of Mandamus
Motion No. 456169
Order No. 458604

**RELEASE DATE:** October 1, 2012

**FOR RELATOR**

Albert Bradley, pro se
Inmate No. 0101001
Cuyahoga County Jail
P.O. Box 5600
Cleveland, Ohio   44101


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:    James E. Moss
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} On June 15, 2012, the relator, Albert Bradley, commenced this mandamus action against the respondent, Judge Michael Astrab, to compel the judge to comply with Ohio's speedy trial act, R.C. 2945.71 through 2945.73, in the underlying case, *State v. Bradley*, Cuyahoga C.P. No. CR-559416.[1]  On June 20, 2012, the respondent judge filed a motion to dismiss, inter alia, on the grounds of procedural defects and adequate remedy at law.  On June 29, 2012, Bradley filed his objections to the respondent's dispositive motion.  On July 6, 2012, Bradley filed two "affidavits" in an effort to cure the procedural defects. For the following reasons, this court grants the respondent's motion to dismiss and dismisses the application for a writ of mandamus.

{¶2} The docket in the underlying case shows that Bradley was arrested on February 1, 2012, and charged with felonious assault and domestic violence.  The trial court set bail at $25,000, but the docket indicates that Bradley never posted bond.  The

---

[1] Bradley's demand for judgment in his complaint is not entirely clear. Throughout his pleadings, he complains that there were no reasons given for continuances; that his trial date was set 92 days after his arrest and incarceration; that his counsel did not properly represent him; that he did not consent to the continuances; and that the respondent judge did not resolve his speedy trial motions. Then, in the demand for judgment, he prays "that this court guides the trial court in the proper way to resolve this matter, and that a peremptory writ of mandamus issue immediately requiring the respondent to perform the duty imposed on him * * *."  Thus, this court is not certain whether Bradley seeks a dismissal of the charges, rulings on his motions, or a statement of the reasons for the continuances.

docket further shows that Bradley requested discovery on March 6, 2012, to which the prosecutor replied on March 16, 2012, and that several times the trial judge made journal entries that continued pretrials at defendant's request, but these entries did not specify a reason for the continuance. Twice, on April 2 and April 16, 2012, the judge issued entries continuing the proceedings at the state's request; on these occasions, the judge specified the reasons — discovery and the unavailability of the prosecutor.

{¶3} On May 3, 2012, the judge set the trial for July 16, 2012, "at the request of the defendant." On the same day, Bradley filed the first of his motions for speedy trial and to discharge for lack of prosecution. On May 7, he filed a "motion to justify continuance." Subsequently, the judge specified reasons for the continuances in his journal entries. For example, on July 16, 2012, the judge continued the trial to July 23, 2012, because the victim appeared for the first time and the medical records were incomplete. Bradley filed another motion to dismiss based on speedy trial on July 12, 2012, and a motion to amend the motion to dismiss on July 19.

{¶4} On July 23, 2012, the judge, with a court reporter present, called the case for trial and conducted a hearing on Bradley's motion to dismiss for lack of a speedy trial. In his journal entry, the court ruled:

> The parties placed on the record arguments relating to the defendant's motion to dismiss on speedy trial grounds. The court conducted an independent review of the docket and made a determination that the defendant had 17 days remaining on his speedy trial time, which would give the state of Ohio until 8/9/12 to try this defendant. The court did not calculate the defendant's writ of mandamus nor any pro se motions filed by the defendant relating to the speedy trial issue into the calculation. As such, the defendant's motion to dismiss is denied.

In this same order the trial judge also granted Bradley's motion for a new attorney with Bradley's explicit understanding that such a move would toll the speedy trial time.

{¶5} In this mandamus action, Bradley seeks to compel the respondent judge to do his "duty of complying with Ohio Revised Code 2945.71 through 2945.73." First, he complains that the judge did not set a trial date until 92 days after Bradley's arrest and that he did so without showing the necessity and reasonableness of such action. To show the impropriety of this action, Bradley relies on *State v. Mincy*, 2 Ohio St.3d 6, 441 N.E.2d 571 (1982), which held that a "trial court must enter the order of continuance and the reasons therefore by journal entry prior to the expiration of the time limits prescribed in R.C. 2945.71 for bringing a defendant to trial." *Id*. at 7.

{¶6} Bradley then complains that the other orders continuing the proceedings did not specify the reasons as required for a valid continuance. *State v. Siler*, 57 Ohio St.2d 1, 384 N.E.2d 710 (1979). He also questions why his defense counsel assented to such apparent improper orders, especially when he did not consent to such actions. Finally, Bradley states that he asked these questions "to no avail" in his various motions. Bradley finishes by demanding "that this court guides [sic] the trial court in the proper way to resolve this matter, and that a peremptory writ of mandamus issue immediately requiring the respondent to preform [sic] the duty imposed on him * * *."

{¶7} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law.

Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987). Furthermore, mandamus is not a substitute for appeal. *State ex rel. Keenan v. Calabrese*, 69 Ohio St.3d 176, 631 N.E.2d 119 (1994); and *State ex rel. Pressley v. Indus. Comm. of Ohio*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph three of the syllabus. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. *State ex rel. Jerninghan v. Gaughan*, 8th Dist. No. 67787, 1994 Ohio App. LEXIS 6227 (Sept. 26, 1994). Moreover, mandamus is an extraordinary remedy that is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 364 N.E.2d 1 (1977); and *State ex rel. Connole v. Cleveland Bd. of Edn.*, 87 Ohio App.3d 43, 621 N.E.2d 850 (8th Dist.1993).

{¶8} In *Pressley*, paragraph seven of the syllabus, the Supreme Court of Ohio ruled that "in considering the allowance or denial of the writ of mandamus on the merits, [the court] will exercise sound, legal and judicial discretion based upon all the facts and circumstances in the individual case and the justice to be done." The court elaborated that, in exercising that discretion, the court should consider

> the exigency which calls for the exercise of such discretion, the nature and extent of the wrong or injury which would follow a refusal of the writ, and other facts which have a bearing on the particular case. * * * Among the facts and circumstances which the court will consider are the applicant's rights, the interests of third persons, the importance or unimportance of the case, the applicant's conduct, the equity and justice of the relator's case,

public policy and the public's interest, whether the performance of the act by the respondent would give the relator any effective relief, and whether such act would be impossible, illegal, or useless.

*Pressley* at 161-162.

{¶9} In the present case, mandamus will not issue because appeal is the proper remedy for addressing speedy trial issues. *State ex rel. Dix v. Angelotta,* 18 Ohio St.3d 115, 480 N.E.2d 407 (1985); and *State ex rel. Hamilton v. Brunner*, 105 Ohio St.3d 304, 2005-Ohio-1735, 825 N.E.2d 607. Furthermore, Bradley's own authorities, such as *Mincy* and *Siler*, support this principle. In those cases, the courts addressed the speedy trial issues, not through an extraordinary writ, but on appeal.

{¶10} To the extent that Bradley seeks rulings on his motions, this court notes that the respondent judge conducted a hearing on the speedy trial motions and denied the motion to dismiss. This court further notes that, since the filing of the mandamus action, the judge has been stating reasons for the continuances. Thus, it appears that the trial court has considered and resolved the outstanding motions, even if it has not issued an explicit ruling on each motion. Thus, this court declines to issue a writ of mandamus to compel the judge to resolve matters he has already considered. Additionally, this court further declines to issue a writ of mandamus to compel explicit rulings on certain motions when the vagueness of the demand makes it uncertain that the relator is seeking such relief.

{¶11} Additionally, the relator failed to support his complaint with an affidavit "specifying the details of the claim," as required by Loc.App.R. 45(B)(1)(a). *State ex*

*rel. Leon v. Cuyahoga Cty. Court of Common Pleas,* 123 Ohio St.3d 124, 2009-Ohio-4688, 914 N.E.2d 402.   Bradley tried to submit such an affidavit in his last filing, but it was not notarized.   The failure to notarize rendered the affidavit ineffective. *Chari v. Vore*, 91 Ohio St.3d 323, 2001-Ohio-49, 744 N.E.2d 763.

{¶12} Similarly, Bradley submitted a notarized affidavit to fulfill his requirements under R.C. 2969.25 for the prior lawsuit affidavit and a proper poverty affidavit with a cashier's statement.   However, he did not file those at the commencement of his lawsuit. A subsequent filing does not cure the defect, and the case is subject to dismissal.   *Hazel v. Knab*, 130 Ohio St.3d 22, 2011-Ohio-4608, 955 N.E.2d 378.

{¶13} Accordingly, the court grants the respondent's motion to dismiss. Relator to pay costs.   This court directs the clerk of court to serve all parties notice of this judgment and its date of entry on the journal.   Civ.R. 58(B).

{¶14} Complaint dismissed.


FRANK D. CELEBREZZE, JR., JUDGE

MELODY J. STEWART, P.J., and
JAMES J. SWEENEY, J., CONCUR