[Cite as *Samples v. State*, 2014-Ohio-1220.]

IN THE COURT OF APPEALS
FIFTH APPELLATE DISTRICT
STARK COUNTY, OHIO

| | | |
|---|---|---|
| DOUGLAS LEE SAMPLES | : | JUDGES: |
| | : | |
| Petitioner-Relator | : | |
| | : | Hon., Patricia A. Delaney P.J. |
| | : | Hon., Craig R. Baldwin |
| -vs- | : | Hon., John W. Wise |
| | : | |
| STATE OF OHIO, | : | |
| JUDGE TARYN L. HEATH | : | CASE NO. 2013CA00230 |
| | : | |
| Defendant-Respondent | : | |
| | : | OPINION |

CHARACTER OF PROCEEDING:        Petition for Writ of Mandamus and/or
                                Writ of Procedendo

JUDGMENT:                       DISMISSED

DATE OF JUDGMENT ENTRY:         March 10, 2014

APPEARANCES:

For Relator – Pro se:                   For Respondent:

Douglas Lee Samples #541-614            Ronald Mark Caldwell #0030663
Marion Correctional Inst.               John D. Ferrero
P.O. Box 57                             Stark County Prosecutor
Marion, Ohio  43301-0057                Stark County Prosecutor's Office
                                        110 Central Plaza S. – Suite 510
                                        Canton, Ohio  44702

*Delaney, J.,*

{¶1}  Relator, Douglas Samples, has filed a Complaint for Writ of Mandamus and Complaint for Writ of Procedendo.  Samples raises multiple claims which he avers warrant the issuance of a writ.  Respondent has filed a motion to dismiss arguing Relator has failed to state a claim upon which relief may be granted and arguing the complaint is moot at least in part.

{¶2}  Relator's first claim is one in procedendo and relates to Respondent's failure to rule on a motion filed in the trial court on March 1, 2013 which remained pending at the time the instant complaint was filed.

{¶3}  Writs of procedendo are limited to a superior court ordering a lower court to proceed, "[T]he limited purpose of the writ is to require a lower court to go forward 'when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment.' *State ex rel. Miley v. Parrott* (1996), 77 Ohio St.3d 64, 65, 671 N.E.2d 24."  *State ex rel. Lemons v. Kontos,* 11th Dist. Trumbull No. 2009 T 0053, 2009-Ohio-6518.

{¶4}  The Supreme Court has held procedendo and mandamus will not issue where the requested relief has been obtained, "Neither procedendo nor mandamus will compel the performance of a duty that has already been performed." *State ex rel. Kreps v. Christiansen,* 88 Ohio St.3d 313, 318, 725 N.E.2d 663, 668 (2000).

{¶5}  Respondent ruled on the March 1, 2013 motion by way of a judgment entry dated December 9, 2013.  For this reason, the complaint for writ of procedendo is dismissed as moot as it relates to this claim in the complaint.

{¶6}   Next, Relator argues a writ of procedendo and/or mandamus are warranted because (1) his convictions are a result of a "sham legal process," (2) his convictions are against the manifest weight of the evidence, (3) he did not receive effective assistance of trial counsel, (4) the prosecutor engaged in misconduct, and (5) cumulative errors resulted in the denial of due process.

{¶7}   For a writ of mandamus to issue, the relator must have a clear legal right to the relief prayed for, the respondent must be under a clear legal duty to perform the requested act, and relator must have no plain and adequate remedy in the ordinary course of law. *State, ex rel. Berger, v. McMonagle*, 6 Ohio St.3d 28, 451 N.E.2d 225 (1983).

{¶8}  We find Relator has or had an adequate remedy at law to raise these issues on direct appeal.  *Everett v. Eberlin*, 114 Ohio St. 3d 199, 200, 2007-Ohio-3832, 870 N.E.2d 1190, 1191; *State ex rel. Hamilton v. Brunner*, 105 Ohio St. 3d 304, 305, 2004-Ohio-1735, 825 N.E.2d 607, 608; and *State ex rel. Pruitt v. Donnelly*, 8th Dist. Cuyahoga No. 95518, 2011-Ohio-1252 *aff'd,* 129 Ohio St. 3d 498, 2011-Ohio-4203, 954 N.E.2d 117 (2011).

{¶9} The existence of an adequate remedy at law precludes the issuance of a writ of mandamus.  Relator has not demonstrated the required elements which would support the issuance of a writ of mandamus.

{¶10}   For these reasons, the instant petition is dismissed as moot as it relates to the procedendo claim relative to the March 1, 2013 motion and for failure to state a claim upon which relief may be granted as to the remaining claims.

By:  Delaney, P.J.

Baldwin, J. and

Wise, J. concur